In re Estate of Fitzsimmons, No. 37-1-11 Rdcv (Teachout, J., Apr. 30, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                                 **CIVIL DIVISION**
**Rutland Unit**                                                                   **Docket No. 37-1-11 Rdcv**


**In re Estate of Doris H. Fitzsimmons**


### DECISION
### Appellants' Motion for Partial Summary Judgment, filed August 5, 2011


This is an appeal of a Probate Court Order of January 6, 2011 authorizing the Executrix to subdivide real estate in Wells, Vermont and sell one portion and distribute the remaining land in separate parcels to residuary beneficiaries of the Estate of Doris Fitzsimmons. Appellants James Fitzsimmons and Dennis Fitzsimmons, two of the residuary beneficiaries, seek a ruling that the Executrix does not have the power to subdivide or partition the real estate in the residuary estate; they argue that all the real estate must be decreed to the residuary beneficiaries as tenants in common with undivided interests.

Appellants are represented by James W. Swift, Esq. and Alexia Venafra, Esq. Appellee Executrix Joanne Fitzsimmons Balkam is represented by Richard Linton Brock, Esq.

The facts material to this motion are not in dispute. Doris Fitzsimmons, a resident of New York, died on August 9, 2006, leaving a will. The will, which named Joanne Fitzsimmons Balkam as Executrix, was probated in New York. In addition to property owned in New York, Doris Fitzsimmons owned real property in Wells, Vermont at the time of her death. The Vermont property consists of an historic farmhouse sitting on approximately 332 acres. On March 6, 2007, the Executrix submitted the will to Fair Haven District Probate Court for proceedings under an ancillary estate. There is no dispute that the costs associated with maintaining the property are being paid out of the estate.

Under the will, the Vermont real property is part of the residue of the estate. The Executrix plans to sell the farmhouse with a portion of the land, and then partition the remaining Vermont land and distribute it to residuary beneficiaries.

By Orders of November 18, 2010 and January 6, 2011, the Probate Judge authorized the Executrix to proceed with her plan, and the Appellants appealed to this Court. The Appellants filed for partial summary judgment on the issue of the authorization of the Executrix. Both parties agree that there are no disputes of material fact.

The residuary clause of the will provides:

> I give … the residue … of my estate … to my beloved children, JAMES J. FITZSIMMONS JR., DENNIS M. FITZSIMMONS, KEVIN R. FITZSIMMONS, and JOANNE FITSZIMMONS [sic] BALKAM … in as nearly equal shares as possible, the division thereof to be determined by any executors acting hereunder, if the interested parties cannot agree …

Article Second (b). With regard to the power of Executrix, the will also provides: "I hereby grant to any executors at any time acting hereunder, full power and authority to retain, manage and administer my estate as freely as I could handle my own affairs if living." Article Sixth.

Appellants argue that the whole of the Vermont real estate should be distributed to the four residuary beneficiaries as tenants in common as a matter of law, and that the Probate Court did not have a legal basis for authorizing partition of the property and sale of a portion and distribution of the remainder to individual beneficiaries. The starting point for the analysis is the language of the will. The chief objective of the Court in interpreting a will is "is to ascertain the intention of the testator from the language used, since, so far as it may be legally carried out, that governs." *In re Barslow's Estate*, 128 Vt. 192, 196 (1969). "Force and effect must be given to every part of the will, if possible." *In re Mattison's Estate*, 122 Vt. 486, 487 (1962).

Although the residuary clause in Doris Fitzsimmons's will applies to both real and personal property, the only property at issue here is the Vermont real estate. Under Vermont probate law, real property and personal property are treated differently. Title to real property passes to the beneficiaries immediately upon the death of the testator. See *Lysak v. Grull*, 174 Vt. 523, 525 (2002) (mem.); *In re Callahan's Estate*, 115 Vt. 128, 134 (1947) ("Under our law, the legal title of real estate owned by a person at the time of his death passes immediately to his heirs or devisees…"). The immediate passing of real estate is only limited by a potential lien of the executrix, if necessary, to pay for the debts and expenses of the estate if the estate's personal property is not sufficient to do so. *In re Callahan's Estate*, 115 Vt. at 134.

This means that the Executrix has limited ability to affect the beneficiaries' ownership of the real property. For example, a beneficiary has the immediate right to use and occupy the real estate. See, e.g., *Wilder v. Mixon*, 442 So. 2d 922, 925 (Ala. 1983) (holding that devisee had the right to farm bequeathed property during the multiyear pendency of protracted probate litigation). Similarly, the Executix, in her official capacity, has no vested interest in the real property. See, e.g., *Desmond v. Persina*, 381 A.2d 633, 637 (Me. 1978) (holding that executor lacked standing to bring suit because devisees were the real parties in interest). Other than the power, which is not at issue here, to place a lien on real property to ensure payment of necessary expenses, the Executrix does not

have ownership powers with respect to real property in the estate. In light of Vermont law, the Executrix's proposed plan to subdivide the real property is not tenable.

The Executrix wishes to sell the farmhouse and divide the proceeds, and then to partition the remaining land into parcels of equal acreage to satisfy the will's mandate that the property be divided in "as nearly equal shares as possible." Because legal title to the Vermont real estate passed to the beneficiaries at the moment of Doris Fitzsimmons's death, however, the Executrix is without the power to partition the land in this manner. Rather, because there are four named residuary beneficiaries in the will, legal title to the land has already passed to all of them as tenants in common. The Executrix cannot now alter this legal title.

The language in the will authorizing the Executrix to determine the division of property if the beneficiaries cannot agree does not alter this conclusion or confer partition authority for two reasons. First, ownership of the Vermont real estate does not depend on the beneficiaries' agreement or disagreement. Under Vermont law, the title necessarily vested in all four beneficiaries as tenants in common regardless of whether they agreed with this outcome. Thus, the Executrix is not called upon to make a disposition or division of the Vermont real estate. As the tenancy in common has already been established as a matter of law, the proper method for making a sale or division is through a partition action in the Vermont Superior Court, Civil Division.

Second, while not necessary in the context of real estate, this provision in the will is not merely surplusage. It continues to apply in the case of personal property. Personal property, unlike real property, does not automatically pass at the moment of the testator's death. Rather, legal title to personal property is vested in the Executrix who holds it as a trustee for the beneficiaries until the probate proceedings are concluded. *In re Callahan's Estate*, 115 Vt. 128, 135 (1947). Thus, the Executrix has the power, if the parties disagree, to make a division of the personal property, subject to the requirement that it be divided "in as nearly equal shares as possible." The relevant clause, while not applicable to Vermont real estate, is not without a purpose with respect to the residuary portion of the estate.

The Executrix, who does not hold title to the Vermont real estate in her official capacity, does not have the legal power to partition that real estate. Instead, all four tenants hold legal title to the real property as tenants in common. A future partition action in the Civil Division is the remedy if the tenants cannot agree.

**ORDER**

Appellants' Motion for Partial Summary Judgment is *granted*.

The case is remanded to the Probate Court for further administration in accordance with this ruling.  While this ruling addresses only three of the five questions in Appellants' Statement of Questions filed April 18, 2011, the record does not show that the Probate Court has issued rulings on the other two issues.  Therefore, the case as a whole is remanded at this time.


Dated this 30th day of April, 2012.


_____
Hon. Mary Miles Teachout
Superior Court Judge

4