W. C. Willumsen *v.* Raymond L. Soule et al.

October Term, 1942.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed November 4, 1942.

*Sylvester & Ready* for the defendant.

*John G. Kissane* for the plaintiff.

Sherburne, J.   The writ in this action was dated and served on February 21, 1942.   The defendant appeared specially and pleaded in abatement that another suit between the parties for the same cause of action had been previously instituted, and that the two suits were pending at one and the same time.   The plea alleges that the writ sets forth the following: "A previous case entitled W. C. Willumsen, doing business as W. C. Willumsen Co. vs. Raymond L. and Everett I. Soule, Inc., doing business in the

name and style of Fairfield Farms Maple Co., and dated January 6, 1941, is hereby discontinued." In its plea the defendant moves that the writ should abate because the prior suit was pending when the second writ was instituted and served upon the defendant; because the statement in the second writ was delivered to the defendant as a part of the service of that writ, whereas notice of said discontinuance should have been given the defendant prior to the commencing of the second suit; and because the written notice that the suit had been discontinued filed with the clerk of the court was not so filed until after the service of the second writ upon the defendant. The plaintiff traversed the allegations of the plea by filing an answer containing a denial of them.

No hearing was held to ascertain the facts, but the parties entered into an agreed statement with respect to the facts material in the case. When the case came on for hearing the court found the facts as agreed, adjudged the defendant's plea in abatement to be insufficient, and upon motion of the plaintiff entered judgment in chief for the plaintiff, and the defendant excepted to such adjudication and entry of judgment.

From the agreed facts it appears that the first suit was defective because not served and entered within 21 days of the date of the writ, the defect apparently resulting from the erroneous insertion of the year 1941 instead of 1942 in the date, and because the correct corporate name of the defendant was not set forth. That suit was met by a motion to dismiss and a plea in abatement. Except that the notice of discontinuance filed with the clerk on the day of the date and service of the second writ was filed before, rather than after, such writ was issued and served as alleged in the plea in abatement, the allegations of the plea do not conflict with the agreed statement of facts.

As stated in *Woods* v. *Darling,* 71 Vt 348, 352, 45 A 750, 751: "In this State the rule has always been that where a suit has been commenced by a process which is defective, it may be discontinued; that a second one may be brought, and that the second will not be considered vexatious; also that the first suit may be discontinued by oral notice." In that case, as here, the writ had been docketed, and it was held that after such discontinuance the case was no longer in court to affect the right of the plaintiff to bring another suit but it remained in the control of the court upon all questions of costs.

■ In all of our cases notice of discontinuance was given to the defendant before service of the second writ upon him. See also *Kirby* v. *Jackson,* 42 Vt 552; *Ballou* v. *Ballou,* 26 Vt 673; *Downer* v. *Garland,* 21 Vt 362; *Hill* v. *Dunlap,* 15 Vt 645. In such cases the time of commencement of the second suit is the time of service upon the defendant. *Kirby* v. *Jackson, supra*; *Downer* v. *Garland, supra.*

■ The effect of the notice in the writ was just the same as though the officer who served the writ had delivered a separate notice of discontinuance at the same time he delivered the copy of the writ with his return thereon, that is, the discontinuance was contemporaneous with and took effect upon the service of the writ. The gist of the plea in abatement is two actions pending at the same time and we do not think that under the circumstances the two actions here can be said to have been pending at the same time. A majority of the courts in other jurisdictions have modified the common law rule as to the necessity of a discontinuance of the first suit before commencement of the second. See 1 Am Jur Abatement and Revival, Sec. 19; Annotation, 118 ALR 1477. We hold that the first suit was seasonably discontinued.

■ In all our cases we have applied the common law rule that where a plea in abatement is regularly put in, the plaintiff must reply to it or demur. If he reply and an issue of fact be thereupon joined and found for him, the judgment is peremptory, *quod recuperet*; but if there be a judgment for the plaintiff on demurrer to a plea in abatement, or replication to such plea, the judgment is only interlocutory, *quod respondeat ouster. Wright* v. *Guilmette,* 94 Vt 372, 377, 111 A 459; *Boright* v. *Williams,* 87 Vt 245, 88 A 735; *Jericho* v. *Underhill,* 67 Vt 85, 30 A 690, 48 Am St Rep 804; *Jericho* v. *Underhill,* 64 Vt 362, 24 A 251.

The defendant contends that plaintiff's answer became of no effect when the parties entered into the agreed statement of facts, and that because of the agreed statement there was no fact in issue, but rather there resulted the application of existing law to the facts agreed upon. An issue of fact was joined by plaintiff's answer. After its filing the facts had to be determined. The agreement upon the facts simply obviated the necessity of their being found by the court upon evidence. To save time and expense the facts are often agreed upon. Such procedure does not nullify the pleadings, but is only a step in determining the issues raised by the

8

pleadings. Here the court found the facts to be as agreed upon, and its findings have the same effect as if independently found by it from evidence introduced at a trial. See *Peach* v. *Mills,* 13 Vt 501, a case relative to a plea in abatement, where the facts were agreed upon and placed upon the record. As we have seen the plea of a prior suit pending was not proved.

This case is unlike *Wright* v. *Guilmette, supra.* There no findings of fact are referred to and so far as appears the issue presented by the answer was ruled against the defendant upon the pleadings. Here the ruling was based upon the findings of fact.

Under the circumstances the court had no alternative but to enter judgment in chief for the plaintiff.

*Judgment affirmed, and cause remanded for assessment of damages.*