## W. C. WILLUMSEN v. RAYMOND L. SOULE ET AL.

January Term, 1944.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed February 1, 1944.

*Sylvester & Ready* for the defendants.

*P. C. Warner* for the plaintiff.

JEFFORDS, J. This case has been here once before and at that time the judgment for the plaintiff was affirmed and the cause was remanded for assessment of damages. 113 Vt 5, 28 A.2d 631. The action is for a breach of a contract by the defendant to deliver to the plaintiff at Chicago a car load of American block sugar, grades 2 and 3, at a price of 21 cents per pound f. o. b. St. Albans. The delivery was to be made on July 14, 1941. The plaintiff was acting as a jobber in Chicago when he contracted to purchase the sugar. The contract price was undisputed so the only question for the jury to determine was the market price on July 14, 1941, at Chicago, of sugar as contracted for, to the plaintiff, as a jobber.

Much evidence was introduced by both the plaintiff and the defendant bearing on this question. It was not disputed that the maple sugar crop in 1941 was unusually small. From the testimony of the witnesses the jury could reasonably have found that the market price of the sugar at the time and place in question was within the range of approximately 21.5 cents and 30 cents per pound.

During the argument to the jury by counsel for the defendant an objection was made. The transcript does not show what counsel was saying at the time he was stopped. It is to be inferred from

what appears in the transcript and the briefs that the argument had to do with the "spread" between what the farmers had been paid for their product and some phase of the evidence in regard to market price but exactly what in respect to market price does not appear in the transcript nor by agreement of the parties in their briefs. Counsel for the defendant claimed that his argument was supported by the evidence. The court ruled that even though the evidence was as claimed by counsel the case should be argued on the basis of the market price as of the date the contract was breached and what was paid the farmers in April should not be taken into consideration and the jury were cautioned not to consider the price paid the farmers in determining the question in issue. Whereupon counsel for the defendant said:

> "If the Court please, I would like an exception to the court's refusal to allow me to argue that the price paid to the farmer, namely 9, 10, 11 and 12 cents, that varying for No. 1, No. 2 and No. 3, which was testified to by Mr. Boylan and also the testimony of Mr. Soule as to how the syrup was picked up, cost of handling and the idea of obtaining a reasonable profit, which was also testified to by Mr. Boylan, and that we believe we have a right to show and argue in view of the evidence being in the case, that on the question of damages we can argue what the probabilities were, from the evidence, that the market price, that is the true market price, was in Chicago market on July 14, 1941."

Counsel for the plaintiff objecting to that line of argument it was excluded and an exception granted to the ruling. This is the only exception urged here for a reversal of the judgment on the verdict for the plaintiff.

The testimony of witness Boylan upon which the defendant relies was merely a statement of the prices paid the farmers in 1941 for their syrup. This witness said they received from 8 to 12 cents a pound, according to grade. It is not pointed out where in the transcript can be found the other evidence from this witness indicated by counsel in his argument on the exception.

The testimony of defendant Soule to which counsel apparently referred was as follows:

"Q. Is the selling price of your product in any way determined by the price that you pay the farmer producer?

A. Almost exclusively.

\* \* \*

Q. When you say that you are familiar with markets, will you tell me Mr. Soule, how you arrive at a market, which you believe to be a market price in any given area?

A. The cost of the syrup, the cost of manufacture, plus a reasonable profit determines what it is worth and what it is worth is usually, we try to make it our selling price, our market price, what we are willing to sell it for.

Q. Now, you say the cost, you mean by that what you pay the farmer for it?

A. What we pay the farmer plus what it costs us to make it.

Q. Explain that, what you mean 'what it costs you to make it'?

A. All of the costs from the price that we pay the farmer himself, plus the buying commission we have to pay the buyer, plus freight out on the drums and freight in on the drums, drums and syrup, plus the labor of handling the syrup in the plant, the packaging cost and the general overhead of the plant.

Q. And to that you also add what in your judgment is a — —

A. Reasonable profit."

This witness also testified in cross examination that although his company had a broker in Chicago in 1941 he was not permitted to sell block sugar and the company did not desire in that year to sell sugar on the Chicago market.

■ From the foregoing testimony it is apparent this witness gave only the factors which usually determined the market price of his company's product at its place of business. It is clear that this evidence could have no bearing on the question in issue. Moreover, except for the syrup, the jury would have been required to speculate as to the cost or expense of the enumerated factors. Neither Boylan nor Soule testified that the cost of the syrup in 1941 had any bearing on the market price of the sugar in question in Chicago on July 14, 1941. Nor can any reasonable inference be drawn from their testimony to that effect. So far as appears the market price at that time and place would have been the same if the

cost of the syrup had been more or less than it was. Consequently the evidence relied upon, though admitted without objection, was immaterial or legally irrelevant to the determination of the sole question in issue and the refusal of the court to permit the proposed argument based upon such evidence was not reversible error. *Gandy v. Bissell's Est.*, 81 Neb 102, 115 NW 571.

The defendant relies upon *In re McCabe,* 70 Vt 155, at pages 158 and 159, 40 A 52, at page 53, where in the course of the opinion it is said that counsel "are entitled to such latitude as will permit them fully and fairly to discuss the testimony from any standpoint which it tends to support". But the opinion in this case cannot be construed as a holding that the right to discuss testimony extends to that which is immaterial to any issue in the case.

In re McCabe would be authority, if any were necessary, for the right of counsel for the defendant to argue what the probabilities were as to the true market price of the sugar in the Chicago market on July 14, 1941, and to discuss any evidence in the case which tended to support that argument.

*Judgment affirmed.*