## JOSEPHINE CUKOR *v.* JOSEPH CUKOR.

May Term, 1946.

Present: MOULTON, C. J., SHERBURNE and STURTEVANT, JJ. and CLEARY and ADAMS, Supr. JJ.

Opinion filed October 1, 1946.

*Pingree & Pingree* for the plaintiff.

*Wilson & Keyser* for the defendant.

MOULTON, C. J. This is an action to recover upon a judgment rendered by the Supreme Court of Kings County, New York, against the defendant in favor of the plaintiff. The answer alleges that at the time of the judgment the New York Court had not acquired jurisdiction over the person of the defendant, because there had been no service of the writ and process upon him, and no legal

notice of the pendency of the action had been given him; that at the time of the institution thereof he was not domiciled in the State of New York and was not found therein but was a legal resident and had his domicile in Sharon, in Windsor County, Vermont; that the only notice that came to him was by registered mail directed to him at Sharon, and no delivery of the writ and process was ever made to him in person within the State of New York or elsewhere, otherwise than by registered mail, and that the judgment was rendered against him by default. Issue was joined upon this answer.

The trial was without a jury, and, after filing written findings of fact, the court held that the defendant was not liable because he did not have legal notice of the proceedings against him. The plaintiff has brought the cause before us on exceptions.

According to the findings, it appears that the plaintiff obtained a divorce from the defendant in the Supreme Court, Kings County, New York, on January 14, 1930. Both parties were then domiciled in the State of New York, and personal service of the petition was made on the defendant. The decree of divorce included an order for alimony in the sum of $65.00 a week. At some unspecified date after the divorce the defendant became a resident of Sharon, in this State. He did not comply with the order for alimony, and on July 14, 1944, on the application of the plaintiff, the New York court issued an order that the defendant show cause why an entry of judgment should not be entered against him for the arrears, which then amounted to $9370. This order, which was made returnable before the Supreme Court, Kings County, New York, at a special term thereof, to be held upon July 26, 1944, was issued under the provisions of § 1171(b) of the Civil Practice Act of New York, recited that the defendant was a resident of Sharon, Vermont, and directed that the service of the order to show cause and the papers upon which it was based should be made by mailing true copies thereof by registered mail (return receipt requested) addressed to him at Sharon, on or before July 18, 1944. The defendant received the papers on July 19, but the copy of the order to show cause was defective, in that the day on or before which it was directed to be mailed was stated as "June 18," instead of July 18 as in the original.

The defendant made no appearance, and a hearing was had in the New York Court on the day set, with the result that on August

following judgment was entered against him in the sum of $9370. This is the judgment now sought to be enforced.

§ 1171(b) of the Civil Practice Act of New York (See Gilbert-Bliss, Civil Practice of New York, annotated, Book 6-A., p. 359) is made a part of the findings, and is as follows:

"Where the husband, in an action for divorce, separation, or declaration of nullity of a void marriage, makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the court may make an order directing the entry of judgment for the amount of such arrears, together with ten dollars costs and disbursements. The application for such order shall be upon such notice to the husband as the court may direct. Such judgment may be enforced by execution or in any other manner provided by law for the collection of money judgments. The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law."

■■ The discrepancy between the copy of the order to show cause served upon the defendant by registered mail and the original order did not deprive the Supreme Court of Kings County, New York, of jurisdiction. "A summons is sufficient to confer jurisdiction upon the court when it performs the function of giving notice according to the statutory requirements, with such particularity as not to deceive or mislead." *Codd* v. *Westchester Fire Ins. Co.*, 14 Wash(2d) .600, 128 P2d 968, 151 ALR 316, 320. Where service is by copy which contains a clerical and immaterial error, which does not mislead the defendant, who is clearly notified of the court before which he is required to appear and the time of his appearance, the process is valid. *Lyon* v. *Baldwin*, 194 Mich 118, 160 NW 428, LRA 1917 C 148, 150, and Annotation LRA 1917 C, 150 ff; 42 Am Jur Process para 19; *Washington County* v. *Blount*, 224 NC 438, 31 SE2d 374.No rule can be laid down as applicable to all cases, for each must stand upon its own facts. But here we consider that the defect was clerical and immaterial and could not have confused or misled the defendant. It appears in the copy that the original order was issued on July 14, upon the plaintiff's affidavit dated July 10. The day of hearing, July 26, and the court wherein such hearing was to be had, and the place where the court would be in session, are all specifically and accurately stated. It is apparent that the date "June 18" was an error and that July 18 was intended

as the day on or before which the copy was to be mailed, because it would be inconceivable that an order for service would be made before the original process has been issued from the court. Upon the question of the validity of the service by registered mail, the decision of the Appellate Division of the Supreme Court of New York, in *Durlacher* v. *Durlacher*, 173 Misc. 329, 17 NY Supp. 643, is in point. The facts of that case are strikingly similar to those in the one before us. The plaintiff obtained a divorce from the defendant in the New York Supreme Court, and the judgment required the payment of alimony. After the divorce the defendant removed from the State and became a resident of Nevada. He defaulted in the payments of alimony and the plaintiff applied for an order for judgment for the arrears under § 1171-b of the Civil Practice Act. The court directed that service should be by registered mail which was done. The defendant appeared specially and contested the jurisdiction of the Court on the ground that no personal service had been made upon him. The court rejected his contention, and held (pp. 645-7, 17 NY Supp.) that the statute was constitutional; that it did not provide for a new judgment, but its only purpose was to furnish a means of effective enforcement of an old judgment; that it gave the plaintiff no new right, and added nothing to the defendant's burden; that the binding obligation imposed upon the latter by the judgment of divorce was not and could not be affected by his change of residence or by his absence from the state, since a final judgment does not terminate a matrimonial action where there is a provision for alimony and the court's jurisdiction remains unimpaired and the defendant remains subject to its mandates.

■ It appears, therefore, that under the law of New York an order under § 1171-b is not a new and independent action, but merely a step taken in the original matrimonial action. The notice by registered mail is within the statutory authority of the Court to prescribe. Due process does not require that personal service shall be made upon a party where the proceeding is only a continuation of litigation which is already within the jurisdiction of the Court. *Bonney* v. *McClelland*, 235 Ill 259, 85 NE 242, 243; *In re Bump*, 152 Cal 274, 92 P 643; *Jones* v. *Mould*, 15 Iowa 599, 132 NW 45, 47; *Zimek* v. *Illinois Nat. Casualty Co.*, 370 Ill 572, 19 NE2d 620, 622; *Gray* v. *Hall*, 203 Cal 306, 265 P 246, 253. See also *Everett*

v. *Wing,* 103 Vt 488, 494, 156 A 393, cert. den. 284 US 690, 52 S Ct 226, 76 L ed 582; *Pennoyer* v. *Neff,* 95 US 714, 24 L ed 565, 573; *Haverin* v. *Welch,* 129 Conn 309, 27 A2d 791, 794; *In re Bump,* 152 Cal 274, 276, 92 P 643. While it is true that the four cases last cited were proceedings in rem the principle applies equally to proceedings in personam. "The notice which is required to be given a defendant under the due process, clause of the Constitution of the United States is referable only to the commencement of an action or suit and to an opportunity to be heard on any material question which shall arise during the prosecution of the action or suit." *Reale* v. *Judges of the Superior Court,* 265 Mass 135, 163 NE 893, 897; *Griggs* v. *Hanson,* 86 Kan 632, 121 P 1094, 52 LRANS 1161, 1164, and cas. cit. in annotation, Ann Cas 1913 C, 242. However it might be if the order were an original process (See *Hess* v. *Pawloski,* 274 US 352, 355, 47 S Ct 632, 633, 71 L Ed 1091) it is clear that, being no more than a part of an action previously commenced, the notice was sufficient and the defendant has been deprived of no constitutional right because he received it by registered mail rather than by personal service made upon him within the State of New York.

The defendant argues that the findings which recite the record of the New York Supreme Court, and § 1171-b of the Civil Practice Act of that State should be disregarded and not considered in the decision of this cause because the evidence upon which these findings are based was inadmissible and received subject to his objection and exception.

■■ As to the exemplified copy of the record which was thus admitted in evidence it is said that it was immaterial to the issue, because the declaration, being in debt on the judgment, contained nothing to show the nature of the judgment sued upon. But the declaration made profert of the record of judgment, which was thus formally vouched as the basis of the claim. *Dimick* v. *Brooks,* 21 Vt 569, 578. It was not necessary to copy the antecedent process into the declaration. *Downer* v. *Dana,* 22 Vt 337, 340. The defendant craved and obtained oyer of the record. He might have had it set forth in terms as a part of the pleading, but did not do so. The duly attested record of the judgment of a State is, by Article 4, § 1 of the United States Constitution, and the federal statute (28 USCA para. 687) enacted under the authority

thereof, entitled to such faith and credit in every court of the United States as it has by law and usage in the State from which it is taken. *Adams* v. *Saenger,* 303 US 59, 58 S Ct 454, 456, 82 L Ed 649, reh. den. 303 US 666, 58 S Ct 640, 82 L Ed 1123. Clearly the record was properly received in evidence.

■■ The objection to the admission of the section of the Civil Practice Act above mentioned was that the plaintiff had not alleged as a fact in her declaration the law of New York upon which she relied as showing the jurisdiction of the Supreme Court of that State over the defendant, in accordance with the decisions in *Hillmer* v. *Grondahl,* 109 Vt 388, 390, 391, 199 A 255, and *Macauley* v. *Hyde,* 114 Vt 198, 204, 42 A2d 482. This well recognized principle, however, is not applicable to the present situation. In an action upon a judgment it is not necessary to aver the jurisdiction of the Court that rendered it either of the subject matter or of the person of the defendant, for jurisdiction is to be presumed until the contrary appears. *Terry* v. *Miltimore Elastic Car Wheel Co.,* 71 Vt 457, 459, 45 A 1035, 76 Am St Rep 787; *Adam* v. *Saenger, supra.* The issue raised by the plea in this cause was one to be decided by the court upon the record, and upon the material provisions of the law of New York. The section of the Civil Practice Act was properly received. If it had not been we could ourselves take judicial notice of it, under the authority of No. 43, Acts of 1937. *In re Estate of Holden,* 110 Vt 60, 66, 1 A2d 721, 119 ALR 487.

■ It follows that, on the facts as found, the trial court was in error in rendering judgment for the defendant. A plea to the jurisdiction, although not properly a plea in abatement, is a dilatory plea and has the same consequence as a plea in abatement, that is, where an issue of fact joined upon the plea is determined in favor of the plaintiff, judgment in chief is awarded. *Willumsen* v. *Soule,* 113 Vt 5, 7, 28 A2d 631; *Wright* v. *Guilmette,* 94 Vt 372, 377, 111 A 459; *Boright* v. *Williams,* 87 Vt 245, 247, 88 A 735; *Jericho* v. *Underhill,* 67 Vt 85, 87, 30 A 690, 48 Am St Rep 804. This is the rule of the common law, but it is unaffected by the Practice Act, *Wright* v. *Guilmette, supra.*

■ The situation here is as follows: The defendant, as we have seen, denied the jurisdiction of the New York Court, because no personal service had been made upon him within that state. The

plaintiff filed no replication, and thereby joined issue upon the plea. The absence of personal service was not denied, but the validity of service by registered mail, as conferring jurisdiction, depended upon the law of New York, and the determination of the law of another state was a question of fact to be found by the Court, and the court has so found it here. Consequently the common law rule applies. The trial court should have rendered judgment in chief for the plaintiff. It is the duty of this court to render such judgment as the trial court should have rendered. *Jericho* v. *Underhill,* 64 Vt 362, 366, 24 A 251. Therefore the entry is:

*Judgment reversed, judgment for the plaintiff and cause remanded for the assessment of damages.*