## Frances F. Gates v. Herbert C. Gates

[138 A2d 611]

November Term, 1957.

Opinion Filed January 7, 1958.

*Waldo C. Holden* for the petitionee.

*Manfred W. Ehrich, Jr.,* for the petitioner.

**Hulburd, J.** On December 28, 1956, the petitioner, Frances F. Gates, presented her petition to the Bennington County Court and obtained an order ordering the petitionee

to appear and show cause why a judgment should not be entered for the petitioner for the amount to be determined due under an alimony decree. This petition was brought under V. S. 47, §3241 as amended by No. 110 of the Acts of 1955 and it recited that the petitioner obtained a divorce on July 25, 1956 and that a decree in connection therewith made provision for certain alimony payments to be made by the libelee (petitionee) to the libelant (petitioner). The petition then quoted the decree as to the amounts and dates of the payments so ordered, with which we need not concern ourselves here. There followed a paragraph, numbered "3", which, because of its special importance to the question to be considered, we quote in full:

> "3. That the Libelee, Herbert C. Gates, was legally served with notice of such decree by delivery of a copy of the decree to Waldo C. Holden, attorney of record for the Libelee, by the Clerk of Bennington County Court on or before August 6, 1956, and that in addition the original decree was mailed to Waldo C. Holden on August 6, 1956, and thereafter a copy of the decree was mailed to Herbert C. Gates at his place of business in Canada, on September 26, 1956, by the Undersigned attorney for the Libelant."

The petition concluded with allegations as to nonpayment by the petitionee in accordance with the order and a statement of the amount of claimed arrearage followed by a prayer for a determination by the court of the amount due and for judgment in favor of the petitioner for the amount found.

Service was made under this petition upon Waldo C. Holden, as attorney of record for the petitionee, the sheriff's return showing that the petitionee was resident in Canada.

Under date of January 8, 1957, the petitionee filed a motion to dismiss as follows:

> "Comes now Libelee, Herbert C. Gates by his attorney, Waldo C. Holden, and appears specially in the above entitled matter for the sole purpose of moving to dismiss said Petition on the following grounds:

1. It does not appear from said Petition that Libelee has accepted service of said Decree or has been legally served with notice of such Decree.

WHEREFORE, it is respectfully moved that the above entitled Petition be dismissed with costs to Libelee.

Waldo C. Holden,
Attorney for Herbert C. Gates"

On January 21, 1957 the county court overruled the defendant's motion to dismiss on the ground that it was not signed by the defendant in person and it specifically referred to the case of *LeBlanc* v. *Deslandes*, 117 Vt 248, 250, 90 A2d 802.

Later a second motion to dismiss, dated January 31, 1957, was filed reciting the same ground as the first and adding a new ground as follows:

"It does not appear from said Petition that the said Herbert C. Gates has received 'notice' thereof, as the law provides."

This motion was also denied by the court. Thereafter the court proceeded to hear the case and enter judgment and exceptions were allowed the petitionee for the petitioner.

We turn first to petitionee's original ground to dismiss (which appeared in the second motion as well), namely, that he had not been "legally served with notice" of the decree. The petition disclosed that the only service of the decree which had ever been attempted prior to the bringing of the petition by the petitioner, was by the county clerk of Bennington county in delivering a copy of the decree to Waldo C. Holden, attorney of record for the libelee (petitionee) and a mailing of a copy to the libelee at his place of business.

The statute under which this action is brought provides as follows (No. 110 of the Acts of 1955):

"When a decree or order for the payment of either temporary or permanent alimony * * * * has been made by the county court or a superior judge, and the person

liable for the payment of money under such decree or order has accepted service thereof, or has been legally served with notice of such decree or order, the party entitled by the terms of such decree or order to payment thereunder may bring a petition to the county court asking for a determination of the amount due under such order."

█ Did the delivery of copies of the decree by the county clerk as stated meet the requirements of the statute? No acceptance of service is claimed and unless what the county clerk did resulted in the defendant's being "legally served with notice," the petitionee's motion to dismiss should have been granted. This is so because the proceeding is statutory in nature. Until the required service had been made, the special right of action created by the statute did not arise in the petitioner's favor.

█ "Legally served with notice" means personal service, that is, a delivery of a copy of the process to the party to be served (*Chapman* v. *Chapman*, 118 Vt 120, 128, 100 A2d 584) by a person authorized by law to make service. *Howard* v. *Walker*, 39 Vt 163, 166. "The proper method of serving process must be adopted in order to render the service effective, and it must be served by a proper officer or person." 72 CJS §25 at p. 1024. The county clerk was not such a person under our law. It follows that under the statute in question the decree or order must be served personally on the party against whom it issued by delivery of a copy by a person authorized by law to make service. Moreover the words of the statute imply that the person authorized to make service shall make a return once he has done it. The record here is devoid of any return of purported service by the county clerk by way of an endorsement on the decree. It is only through the allegations of the petition itself that we are appraised of what the petitioner claims was done by the county clerk. From what we have said it should be clear that the required service of the decree had not been made in compliance with the statute prior to the bringing of the petition.

The petitioner has called to our attention the case of *Cukor* v. *Cukor*, 114 Vt 456, 49 A2d 206, 168 ALR 227. This was a suit on a judgment obtained in New York for arrearage of alimony. The situation was that the defendant and his wife, at the time of the divorce, were domiciled in New York. Subsequently the defendant became a resident of Sharon, Vermont, and while he was in this state the plaintiff, his former wife, instituted proceedings in New York to obtain a judgment for the overdue alimony. Service was made on the defendant by mailing to him here in Vermont, by registered mail, copies of the order to show cause and the papers upon which it was based. Such service was held by this Court to be sufficient to support the New York judgment. The important thing to note, however, is that the service was made as it was under an order of the New York court and conformed thereto. The New York statute pertaining to the action specifically stated that it should be "upon such notice to the husband as the court may direct." Our holding in *Cuker* v. *Cukor, supra,* was that the notice given "was within the statutory authority of the Court to prescribe," (p. 460).

In the instant case the service attempted failed to conform to what our statute prescribed. To be sure the legislature might have provided as the New York statute did, that there must be such notice to the husband as the court may direct, but it did not. We are not free to depart from the language of the statute. The attempted service of the decree by the petitioner was insufficient and not within the requirement of the statute.

■ The petitioner, however, seeks to circumvent the effect of the statute by claiming that the petitionee, through his attorney, as a result of certain acts on his part, enlarged his appearance so that it ceased to be special and became general. It will serve no useful purpose to go into what these acts were or to pass upon their significance. They become of importance only in connection with the service of the petition, itself, as to which, to be sure, the petitionee did move to dismiss, but consideration of that ground of his motion is not the matter with which we are presently dealing. Such a ground is entirely in-

dependent and should not be confused with the matter relating to the service of the decree. Doubtless any inadequacy in the service of the petition could be cured by a general appearance, or acts amounting thereto, but a general appearance had no effect as to the antecedent service of the decree: it could not supply an essential, which was lacking, to the petitioner's case. It was a part of the necessary subject matter that the decree should have been legally served on the petitionee. As such, neither waiver, consent, nor general appearance could confer jurisdiction upon the court where it was lacking. *F. S. Fuller & Co.* v. *Morrison*, 106 Vt 22, 24, 169 A 9; *Smith* v. *White's Estate*, 108 Vt 473, 480, 188 A 901. The petitioner here, therefore, is not aided by the fact that the petitionee's acts may have constituted a general appearance in connection with the petition. The petitioner's difficulty is that she has failed to bring herself within the statute under which she seeks relief. This appeared on the face of the record. The petitionee's motion to dismiss was well taken.

*Judgment reversed and petition dismissed with costs.*