## Frances F. Gates v. Herbert C. Gates

[144 A2d 782]

May Term, 1958

Opinion Filed September 2, 1958

*Waldo C. Holden* for the petitionee.

*Manfred W. Ehrich, Jr.* for the petitioner.

**Shangraw, J.** This is a petition brought under V. S. 47, §3241, as amended by No. 110 of the Acts of 1955, seeking a judgment for the amount to be determined due under a decree of divorce dated July 26, 1956, ordering the payment of alimony, attorney fees, etc. Service of the original petition for divorce was made on Mr. Gates in Vermont and at the divorce hearing he was represented by Attorney Waldo C. Holden of Bennington, Vermont, who is still his attorney of record. Since the divorce hearing Mr. Gates has been continuously out of the State of Vermont, residing in the Province of Ontario, Canada. No claim is made that he has ever accepted service of the decree of divorce or the order for the payment of alimony, attorney fees, etc. This is the second petition seeking the same relief. See *Gates* v. *Gates*, 120 Vt 241, 138 A2d 611.

The present petition alleges that a copy of the divorce decree and order was served on Waldo C. Holden in Bennington, Vermont, as attorney of record for the libellee, Mr. Gates, by a deputy sheriff on December 31, 1956; and on Mr. Gates personally in Dunville, Ontario, Canada, by Alice J. Murphy, a deputy sheriff, on April 16, 1957. No order for service thereof on Mr. Gates, then outside of the State of Vermont, was obtained as provided for by V. S. 47, §2136. The affidavit of service signed by Alice J. Murphy, deputy sheriff, failed to state the reason why she knew the person to whom the copy of the decree was delivered to be the person mentioned therein as a party as provided for by the provisions of V. S. 47, §2137, and as amended by No. 37 of the Acts of 1953. A citation was issued on January 23, 1958 by the then presiding superior judge of the Bennington County Court directing that the petitionee appear before said court on the 13th day of February, 1958 and show cause why the court should not enter judgment

for the sum then claimed due under the decree. On the same date a further citation was signed by one of the assistant judges of that court directing Mr. Gates to appear before said court at the same time and place and then and there show cause why the prayers of the petition should not be granted and he, the said petitionee, be adjudged in contempt of court. The petition was served on attorney Waldo C. Holden. Mr. Gates has not accepted service of the petition, nor has it been personally served on him.

Mr. Gates, appearing specially by his attorney Mr. Holden, filed a motion to dismiss the petition on the following grounds: "1. It does not appear from said Petition that Libellee has accepted service of said Decree or has been legally served with notice of such Decree. 2. It does not appear from said Petition that service of such Decree has been made upon said Libellee. 3. It does not appear from said Petition that said Libellee has received notice thereof, as the law provides." The motion was signed by Waldo C. Holden as attorney for Mr. Gates, The case comes here on the exceptions taken and allowed the petitionee to the court's action in denying the motion to dismiss.

V. S. 47, §3241, as amended by No. 110 of the Acts of 1955, reads in part as follows:

> "When a decree or order for payment of either temporary or permanent alimony, allowance for support, care or maintenance of a minor child or children or suit money has been made by the county court or a superior judge, and the person liable for the payment of money under such degree, or order *has accepted service thereof, or has been legally served with notice* of such *decree or order*, the party entitled by the terms of such decree or order to payment thereunder may bring a petition to the county court asking for a determination of the amount due under such order. Upon notice to the other party and hearing thereon, the county court shall render judgment in favor of the petitioner for the amount due under such decree or order, * * * The county court in which the cause was pending at the time the original order was made shall have jurisdiction of petitions under the provisions of this section, irrespec-

tive of the amount in controversy or the then residence of the parties." * * *

■ ■ This is a statutory proceeding and our first and chief question is jurisdictional. Was the petitionee "legally served with notice of such decree or order?" The contents and effect of the motion to dismiss in this case are substantially the same as that filed in *Gates* v. *Gates, supra,* 120 Vt 241, 138 A2d 611, wherein it was held that petitionee's motion to dismiss was well taken. However the manner of purported service of the divorce decree and order in that case and this one is different. In the above case the purported service was made on Mr. Holden, attorney for the petitionee by the county clerk. No return of service was endorsed on the decree. In this case the purported service was made on the petitionee in Canada by a deputy sheriff without the benefit of process or an order for service outside the state. As stated in *Gates* v. *Gates,* 120 Vt 241 at page 244, 138 A2d 611, 614; "Legally served with notice means personal service, that is, a delivery of a copy of the process to the party to be served, (*Chapman* v. *Chapman,* 118 Vt 120, 128, 100 A2d 584) by a person authorized by law to make service, *Howard* v. *Walker,* 39 Vt 163, 166. The proper method of serving process must be adopted in order to render the service effective, and it must be served by a proper officer or person. 72 CJS §25 at p. 1024."

The word "legal" has a variety of meanings: conforming to law; according to law; required or permitted by law; not forbidden or discountenanced by law. It also means "good and effectual in law." Black's Law Dictionary. "Legal notice" means something more than bare knowledge of a given fact; it is knowledge brought home to a party in a prescribed form. *Sanborn* v. *Piper,* 64 NH 335, 336, 10 A 680. In 2 Bouvier's Law Dictionary, 1911 "legal notice" is defined as "such notice as is adequate in point of law, such notice as the law requires to be given for the specific purpose or in the particular case." The word "serve" in its technical sense, has a distinct and well understood meaning in legal practice, and as applied to writs and other instruments, it means to deliver; to deliver in such manner as to charge the person with

the receipt of it; to deliver with judicial effect; to file; to give. 79 CJS p. 1138. Service as defined in Ballentine's Law Dictionary means "notice given or delivered in the manner prescribed by law."

■ Primarily it is not a question of improper service of the petition, but of the original decree upon which the petition is founded, with the resulting action based thereon. The question is whether or not the petition has a proper foundation under the statute, by reason of the method of service of the original decree. It is either good or bad, void or not. If bad or void, there is nothing to amend and the foundation of the petition falls. The petitionee was absent from the state and no order for service outside the state was obtained as required by V. S. 47, §2136. Legal service of the decree was not made on the petitionee. The court is therefore without jurisdiction of the subject matter. The petition and action are prohibited by the statute until there has been proper service of the original decree in accordance with the statute. Under the terms of the statute, a party may bring a petition until the party liable "has accepted service thereof, or has been legally served with notice of such decree or order." The statute makes this a prerequisite to the bringing of the petition. Until such compliance, the court is without jurisdiction of the subject matter. *Hayden* v. *Caledonia National Bank*, 112 Vt 30, 33, 20 A2d 675; *Howe* v. *Lisbon Savings Bank & Trust Co.*, 111 Vt 201, 207-210, 14 A2d 3.

For the reasons above stated there appears no occasion for a further discussion as to the effectiveness, or lack thereof, of the manner of service of the petition on Mr. Holden. Had the petitionee accepted service of the decree, or had he been legally served with notice thereof, the rule as laid down in *MacDermid* v. *MacDermid*, 116 Vt 237, 242, 73 A2d 315, might well apply. In that case the support order was served on Mr. MacDermid. Later a petition for contempt of the order was brought by Mrs. MacDermid, service of which was made on the husband's attorney of record. The court held that this was good and valid service of the petition.

█ Attorney Holden signed the motion to dismiss, not the petitionee. It is urged by the plaintiff that by reason thereof the petitionee in effect appeared generally, In *Gates* v. *Gates*, *supra*, 120 Vt at page 246, 138 A2d at 615 the court remarked: "Doubtless any inadequacy in the service of the petition could be cured by a general appearance, or acts amounting thereto, but a general appearance had no effect as to the antecedent service of the decree; it would not supply an essential, which was lacking, to the petitioner's case. It was a part of the necessary subject matter that the decree should have been legally served on the petitionee." The crux of the present case is not the lack of proper service of the petition, but the failure to serve the divorce decree in the manner set forth in the statute. An objection to jurisdiction over the subject matter is never out of time. *Bennington* v. *Vail*, 117 Vt 395, 397, 92 A2d 467; *In re Whittemore*, 118 Vt 282, 283, 108 A2d 406. And a court will take appropriate action, whether moved by a party or not, when it is discovered. *Smith* v. *White's Estate*, 108 Vt 473, 480, 188 A 901.

It is claimed by the plaintiff that the defendant's motion to dismiss is insufficient, in that it fails to point out in what respect the service was defective, and the method of correcting it. Citing *Thibault* v. *Conn. Valley Lumber Co.*, 80 Vt 333, 67 A 819; *Nye* v. *Burlington and Lamoille R. R. Co.*, 60 Vt 585, 11 A 689; Chitty On Pleadings, page 446. This view is not without support, however we conceive the controlling question to be a jurisdictional one and our ultimate holding is so predicated.

*The exceptions to the county court's action in denying the motion to dismiss are sustained and the petition is dismissed with costs.*