## Frances F. Gates v. Herbert C. Gates

[173 A.2d 161]

May Term, 1961

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed July 12, 1961

*Manfred W. Ehrich, Jr.* for the libellant.

*Waldo C. Holden* for the libellee.

**Barney, J.** The libellee, Herbert C. Gates, moved to dismiss a petition brought against him by the libellant, Frances F. Gates, to recover past due alimony. Previous petitions to the same effect have been successfully countered by motions to dismiss finally determined by this Court in *Gates* v. *Gates,* 120 Vt. 241, 138 A.2d 611, and *Gates* v. *Gates,* 120 Vt. 505, 144 A.2d 782. The motion to dismiss under consideration was overruled below and the exceptions to that ruling certified to this Court under the provisions of 12 V.S.A. §2385.

The situation of the parties from the standpoint of this review has not changed from that described in the previous cases. The libellee was personally served with the original divorce libel, appeared generally and was represented by counsel in the divorce proceedings, but prior to service of the decree upon him the libellee moved to the province of Ontario, Canada, and has resided there ever since.

The removal of the libellee to Canada prior to the service on him of the decree of divorce has been the source of the procedural problems in this case. As noted above, two previous attempts to comply with the provisions of 15 V.S.A. §760 were both found lacking. This statute requires that the libellee receive notice of the decree by having it "legally served" upon him, where he has not accepted service. Unless this is done, an action for enforcement of the decree under this statute does not lie. Notice in proper form is a prerequisite to the jurisdiction of the trial court to hear the petition. It is this jurisdiction that failed in the prior attempts.

In this instance, with the libellee outside the jurisdiction, the libellant elected to comply with the "legally served" requirement by following all of the provisions of 12 V.S.A. §§911-913 relating to service of process without the state. Having done that, the libellant then had the petition itself also served on the libellee with the same formality, following the same statutory provisions.

The libellee maintains that unless the decree and the petition are both served on him personally within the state of Vermont,

the petition must fail for lack of jurisdiction. In taking that position he overlooks the fact that the jurisdictional shortcomings supporting the previous dismissals were lack of notice in a form proper to satisfy the requirements of 15 V.S.A. §760. Jurisdiction over the person of the libellee was acquired by the personal service of the original libel upon him within the state, and persists through all proceedings deriving therefrom. *Cukor* v. *Cukor,* 114 Vt. 456, 460, 49 A.2d 206, 168 A.L.R. 227; see also *MacDermid* v. *MacDermid,* 116 Vt. 237, 242-45, 73 A.2d 305. When the libellant carried out a mode of service sufficient to meet the statutory requirement, she was in a position to take advantage of the previously-acquired jurisdiction of the person.

The procedures of 12 V.S.A. §§911-913, used here, constitute the statutory method established by the legislature for the service of process to initiate actions in our courts against persons without the state. It is therefore indisputable that this method is recognized by the legislature as a manner of delivering process so as to be "legally served." Such service represents compliance with the most stringent statutory directives of our law relating to service outside the state.

However, the libellee points to the language of 12 V.S.A. §913 that states:

"Upon such notice so given to a party at least twenty-one days before the time when he is required to appear, the same proceedings may be had, so far as to affect the title or right to the possession of goods, chattels, rights, credits, land, tenements or hereditaments in the state, as if such process or pleading had been served on a party in the state before entry."

He asserts that since the statute itself limits its effectiveness to property within the state rather than including jurisdiction of the person, the libellant cannot claim "in personam" jurisdiction under it. His contention is that by resorting to its provisions with respect to service the libellant is bound by its stated jurisdictional limits.

Here, too, the libellee overlooks the fact that the objective of this service is not, in this instance, to acquire jurisdiction of the person, but merely to provide notice adequate to satisfy the statute. Jurisdiction of the person has already been acquired and has not been lost. *Cukor* v. *Cukor, supra,* 114 Vt. 456, 460, 49 A.2d 206, 168 A. L. R. 227. The quoted phrase of the statute relating to the "in rem" effect of such service is applicable when such service is used to

initiate proceedings involving a person outside the jurisdiction. The language of the statute is merely expressive of the very constitutional limitations pointed out in *Pennoyer* v. *Neff*, 95 U.S. 714, 24 L.Ed. 565, with respect to the jurisdiction of courts over parties never served with process within the territorial competence of the court. With personal jurisdiction already had, such limitations have no application here.

■    What we have said about the adequacy of the notice by service of the decree upon the libellee in this manner applies with equal force to the service of the petition itself. It cannot be questioned but that the notice to the libellee of this petition was made legally sufficient by the manner of service adopted here.    ˏ

*The order overruling the libellee's motion to dismiss is affirmed and the cause is remanded.*