### Arthur W. Emmons v. Jean S. Emmons

[197 A.2d 812]

December Term, 1963

Present: Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.

Opinion Filed February 4, 1964

*Harry L. Goetz* for the petitioner.

*McNamara & Larrow* for the petitionee.

**Shangraw, J.** The parties to this action were divorced in the state of Alabama on May 9, 1962. In the divorce decree the petitioner herein, Arthur W. Emmons, was ordered to pay the petitionee, Jean S. Emmons, alimony of $20.00 per week. This alimony was predi-

cated on an agreement executed by the parties in the state of New York.

Following the divorce Mr. Emmons moved to the state of Vermont and remarried. He now resides here. Mrs. Emmons has never been a resident of the state of Vermont.

In the proceedings now considered the petitioner filed a petition in the Chittenden County Court seeking a modification or termination of the alimony payments ordered under the Alabama decree, on the ground of changed circumstances.

The petitionee was personally served with notice of this petition in Albany, New York. She appeared specially by her attorneys and filed a motion to dismiss the petition, claiming that the Chittenden County Court lacked jurisdiction over her person, and could not entertain the petition for a change or termination of alimony payments. The trial court ruled that it had jurisdiction, and denied the motion. On request made by the petitionee, she was permitted to appeal to this Court before final judgment pursuant to the provisions of 12 V.S.A. §2386.

The petitionee did not voluntarily submit to the jurisdiction of the trial court. The precise question presented for review is whether personal service of the petition outside the court's jurisdiction upon her, a nonresident, conferred jurisdiction in the trial court to act in the matter.

■ The petitionee urges that this is a proceeding *in personam* requiring personal service of the petition within the State of Vermont. This leads us to the character of the alimony order. It is the accepted rule in Vermont that a suit for divorce, in so far as it affects the marital status of the parties, is a proceeding *in rem*. But, as stated in *Smith* v. *Smith,* 74 Vt. 20, at p. 22, 51 Atl. 1060, "as to alimony and costs it is a proceeding *in personam,* and that an award of alimony and costs against a non-resident defendant, who was not served with process within the jurisdiction, and did not appear in the action, does not bind him." See also *Noyes* v. *Noyes,* 110 Vt. 511, 517, 9 A.2d 123.

■ Jurisdictional requirements, with respect to parties, are the same in actions to modify alimony and support orders as in the case of the original orders. This proceeding to modify is commenced

here for the first time, and personal service within the jurisdiction, or its equivalent, is vital to the validity of the new order. Such jurisdiction is concededly not present here.

This is not a continuation of litigation which is already within the jurisdiction of a court of this state, such as was present in *Gates* v. *Gates*, 122 Vt. 371, 373, 173 A.2d 161. See *Cukor* v. *Cukor*, 114 Vt. 456, 460, 49 A.2d 206, 168 A.L.R. 227.

The petitioner cites *Miller* v. *Miller*, 123 Vt. 221, 186 A.2d 93, as authority for his requested relief. In that case a divorce decree was obtained in the Virgin Islands, which provided for the support of minor children. Suit was instituted in Vermont to change provisions for support. This Court took the view that upon proof of changed conditions our courts had jurisdiction to act in the matter. The Miller case, *supra*, is clearly distinguishable from the present case. Unlike the present case both parties resided in Vermont at the time the petition was brought. Service thereof was made in this state.

The divorce action, in so far as it related to alimony, is a proceeding *in personam*. Likewise is this petition to modify provisions as to alimony. In the absence of a submission by the petitionee to the jurisdiction of the trial court, such as here, personal service of the petition on the petitionee within the state of Vermont was a prerequisite of the court's authority to entertain the petition in this case.

For jurisdictional reasons the motion to dismiss should have been granted.

*Petition dismissed.*