**Marjorie R. Von Ohlsen v. Louis H. Von Ohlsen, Jr.**

[406 A.2d 393]

No. 86-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 10, 1979

Interlocutory appeal from denial of defendant's motion to strike temporary support order for lack of in personam jurisdiction. Rutland Superior Court, *Gibson*, J., presiding. *Affirmed.*

*Niles, Johnson & Gibbs,* Woodstock, for Plaintiff.

*Theodore S. Mandeville, Jr.,* of *Crowley, Banse & Kenlan,* Rutland, for Defendant.

Larrow, J. In this action for divorce from bed and board the trial court denied defendant's motion to strike its temporary support order for lack of in personam jurisdiction, and denied permission to appeal the ruling. On motion, we granted permission, and the case is before us on that narrow issue, which we considered significant because of facial conflict between applicable statutes and the provisions of V.R.C.P. 4(e)(3). An order refusing to stay discovery concededly rests upon the same ground, and will not be separately treated in this opinion.

At the root of the issue before us is the "minimum contacts" test dealt with in *International Shoe Co.* v. *Washington,* 326 U.S. 310 (1945), and following cases. Under that test, essentially one of fairness, in personam jurisdiction based upon service outside the jurisdiction depends upon the existence of those contacts. Compliance with the procedural requirements governing the manner of service is also a requisite. *Pasquale* v. *Genovese,* 136 Vt. 417, 421, 392 A.2d 395, 398 (1978), citing *Ackerman* v. *Kogut,* 117 Vt. 40, 51, 84 A.2d 131, 138 (1951). Neither of these requirements, however, is in issue here. The manner of service is not questioned, nor is the adequacy of defendant's contacts with Vermont, the forum state. The parties, married in 1948, lived together in Vermont for nearly two years prior to separating in February, 1978. They have substantial assets within and without the state. In May or June, 1978, defendant moved to Colorado, following an alleged separation agreement made in Vermont. Personal service on the defendant was effected in Colorado.

Defendant's claim of error rests squarely upon the provisions of V.R.C.P. 4(e), authorizing service outside the state on "(3) A person against whom a judgment for divorce or annulment of marriage is sought" but providing that a judgment so obtained "shall affect only the interest, title, right, or status in question." Without question this rule, enacted in 1971, is in apparent conflict with the provisions of our "long arm" statute, 12 V.S.A. § 913(b). That statute, enacted in 1968, authorizes an in personam judgment based on out-of-state service in all instances where the minimum contacts test is met. *Pasquale* v. *Genovese, supra,* 136 Vt. at 419, 392 A.2d at 397. Resolution of that conflict is determinative of the instant case. We hold that the provisions of the statute control. As a corollary, that portion of *Emmons* v. *Emmons,* 124 Vt. 107, 197 A.2d 812 (1964), which suggests that, absent voluntary submission, only personal service within the state can confer sufficient jurisdiction to authorize an alimony award is no longer governing.

The question presented is one of jurisdiction and not mere procedure. This being so, there are two cogent reasons why the provisions of the statute, rather than those of the rule, are controlling. The first is a provision in the very statute then authorizing enactment of the rules, 12 V.S.A. § 1, to the effect that "[t]he rules thus prescribed shall not abridge, enlarge or modify any substantive rights of any person provided by law." The second is the express provision of V.R.C.P. 82 that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the County (now Superior) Courts . . . ." We have expressly held that these provisions leave the jurisdictional requisites for divorce, here as enacted in 12 V.S.A. § 913(b), unaffected by the Rules of Civil Procedure. *Holmberg* v. *Goslant,* 134 Vt. 455, 365 A.2d 250 (1976).

We note in passing that a pending recommendation of the Advisory Committee on the Rules of Civil Procedure suggests an amendment of V.R.C.P. 4(e) that would reach the result of our holding, but we do not rest our decision upon that recommendation.

*The December 27, 1978, order of the Rutland Superior Court is affirmed.*