## APPEAL OF RAOUL MAURICE.

(90 A2d 440)

May Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed June 25, 1952.

*John Molla* for the appellee City of Barre.

*Abare & Sargent* for the appellant.

CUSHING, J.  On October 22, 1951, the Board of Adjustment of the City of Barre heard the petition of Raoul Maurice for a building permit in which he sought the right to enlarge and change his granite plant in the City of Barre.  On the 30th day of October, 1951, the Board refused to grant the petition and thereupon Maurice filed his appeal in the Washington County Court.

On the 20th day of November, 1951, the presiding judge issued the following order:

"To the Board of Adjustment within and for the city of Barre and to the city of Barre, and to your agents, servants and attorneys:

You are hereby commanded to forward to the Clerk of Washington County Court at Montpelier, in the County of Washington and State of Vermont, the original of all papers or duly certified copies thereof pertaining to the application of Raoul Maurice for a building permit, his Appeal from the Decision of the City Council and the Findings of Fact of the Board of Adjustment, together with

the final Order on or before twenty-one days from the date hereof."

This order was duly served on Ralph Olliver, Clerk of the City of Barre and on Walter Krinovitz, Chairman of the Board of Adjustment of the City of Barre by Speros G. Maniatty, a deputy sheriff.

At the time of issuing the above order the judge issued the following:

"State of Vermont }   To any sheriff or constable in
Washington County, ss. }   the State, Greetings:

"Whereas Raoul Maurice of the City of Barre, in the County of Washington and State of Vermont, has filed his Appeal under oath from the Decision of the Board of Adjustment within and for the City of Barre;

"Now, Therefore, by the Authority of the State of Vermont, you are hereby commanded to summon the City of Barre * * * and the Board of Adjustment, a subordinate division of the City of Barre, * * * by delivering to Ralph Olliver, City Clerk * * * and to Walter Krinovitz, as chairman for the board of adjustment, copies of the Petition and Appeal, and also notify each of them to cause its apearance to be entered with the Clerk of said Court * * * on or before the expiration of twenty-one days from the date of service, then and there in said court to answer the foregoing petition for Appeal of Raoul Maurice * * * and to show cause, if any they may have, why the prayer of the petitioner should not be granted.

*"Fail Not,* but service and return make within twenty-one days from the date hereof."

The Attorney for the City of Barre entered his special and limited appearance for the City and the Board of Adjustment and filed motions on behalf of both the City and the Board to dismiss on the grounds that the summons did not give the defendant Board of Adjustment the required legal notice as provided by law and on the further ground that no service has ever been made upon the members of the Board of Adjustment except on one Walter Krinovitz as Chairman of and for said Board of Adjustment and that there was only, in fact, a pretended service of the alleged petition and citation, and on the further grounds that the alleged citation designates Walter Krinovitz as Chairman of said Board of Adjustment and as process agent for said Board of Adjustment,

notwithstanding that the said Walter Krinovitz, Chairman, is not process agent for said Board of Adjustment nor is there any provision in law for such designation or authority.

The county court denied the motions to dismiss and passed the matter to this Court under V. S. 47, § 2124 before final judgment.

The questions presented for our consideration are:

> 1. Is a summons to the Board of Adjustment necessary?
>
> 2. Is the order to send up the record sufficient? and
>
> 3. Is the summons to the City of Barre according to law?

V. S. 47, § 3868 provides that a person aggrieved by a decision of the board of adjustment may apply to the county court within thirty days after the action complained of has been recorded by a sworn petition, setting forth that such decision is illegal or unreasonable, in whole or in part, specifying the grounds upon which the same is claimed to be illegal or unreasonable.

The appellant having complied with the foregoing provisions of the statute relating to the taking of the appeal, it was properly in the Washington county court, and the court had jurisdiction of the subject matter. The appeal is perfected after appellant has performed all acts required of him creating the right to transfer jurisdiction of the cause to a superior court. *Lea County State Bank* v. *McCaskey Register Co.*, 39 NM 454, 49 P2d 577. When a writ of error or an appeal has been granted and the record and petition have been delivered to the clerk and bond executed as required by law, the case is properly on the clerk's docket. Process or summons simply matures the case for hearing. *D. F. Tyler Corp.* v. *Evans*, 156 Va 576, 159 SE 393. Citation, notice or other appellate process is not jurisdictional. 3 Am Jur Appeal and Error, § 464, p. 162.

V. S. 47, § 3869 sets forth the procedure to be followed by the court in its determination of the matter. The court may order the record "sent up" and such order may be complied with by filing either the original papers or certified copies, or of such portions as the order specifies, together with a certified statement of such other facts as show the grounds of the action appealed from. The court

may hear the evidence or appoint a referee. This section further provides that the filing of the appeal shall not stay the proceedings appealed from, "but on application, notice to the board and for cause shown, the court may grant a restraining order."

In the instant case the court is not asked to "stay the proceedings appealed from," hence notice to the board of adjustment was not required.

V. S. 47, § 3869 provides the method of compliance "wherever the court orders the record sent up." For the transmittal of the record the court may at any time after the appeal is entered order all or so much thereof as it desires sent up by the board.

The order for production in this case provided that the board should have twenty-one days within which to comply. Certainly the board cannot complain that twenty-one days is not affording ample time within which to file "the original papers or duly certified copies thereof," pertaining to the application of Raoul Maurice for a building permit.

The board of adjustment not being a party to the appeal, notice to it is not required. It was duly ordered to send up the record, this order provided a reasonable time within which to comply; therefore the board has no reason to complain of the procedure followed.

The next question presented is "Is the notice to the City of Barre according to law?"

V. S. 47, Chapter 173, which provides for municipal zoning is silent as to the method whereby a municipality is to be apprised of the pendency of an appeal from the action of the board of adjustment. Due process requires that the city be given reasonable notice that the appeal has been entered and as to the time of hearing thereon. Statutes giving and regulating the right of appeal are recognized as remedial in their nature and should receive a liberal construction in furtherance of the right of appeal. *In re Walker Estate,* 112 Vt 148, 151, 22 A2d 183.

A summons or citation here is of the same general nature as one issued on a petition for a new trial and is not a writ of summons as claimed by the City of Barre. *Durkee* v. *Marshall,* 14 Vt 559. It is like a citation or summons issued upon a writ of error which is simply notice to the opposite party that the record is transferred into another court where he may appear if he desires;

it is not service of process for the purpose of bringing him into court as in an independent action. 3 Am Jur Appeal and Error, § 457, p. 160.

The purpose or function of a notice or citation in appeal cases is to give the appellee notice so that he may appear if he desires. A citation to the appellate court is not jurisdictional of the cause. It is jurisdictional of the appellee or defendant and its purpose is to give notice to the appellee or defendant in error that an appeal or writ of error will be prosecuted so that he may appear and have a hearing if he so desires. *Sutherland* v. *Pierce*, 186 F 783. Neither the signing nor the service of the citation is jurisdictional, its only purpose being to give notice to the appellee. *Mattingly* v. *Northwestern Virginia Railroad Co.*, 158 US 53, 15 S Ct 725, 39 L Ed 894; the purpose of citation on appeal is solely to give appellee notice in time to present defenses. *The Framlington Court*, 69 F2d 300.

Assuming without deciding that the notice issued to the City of Barre should have complied with the provision of V. S. 47, § 1549, as claimed by the defendants, it does not follow that the appeal should be dismissed. If the notice is faulty it may be treated as a nullity and the matter stands as though no notice was given. The zoning statutes are silent as to when, after an appeal is entered, notice shall be given to the municipality, hence notice may be given at any reasonable time thereafter.

As a rule, errors or defects in the citation or other process, or in the return thereof, which are not imputable to appellant or plaintiff in error, or which are not prejudicial, are not cause for dismissal of the appeal or writ, but upon proper and timely application to the court, amendments will be allowed or a new or alias citation or other process granted. 4 CJS 1052, § 589. The omission to serve a necessary party with a citation on appeal would not divest the appellate court of jurisdiction and the court could subsequently have service made. *The Framlington Court, supra.*

In *Kendall* v. *Brotherhood of Railroad Trainmen,* La App, 140 So 809, 810, where the citation was defective for want of legal delay given to the defendant from service, as demanded by the statute, the court said, "We shall not, however, dismiss the suit but will remand the case for a new citation to be issued according to law."

It follows, therefore, that the instant cause can be remanded to

the Washington County Court so that a new notice can be given to the City of Barre.

We recommend that, to avoid any question of the sufficiency of notice in future cases arising under this or similar proceedings, unless otherwise provided, notice be given in accordance with the provisions of V. S. 47, § 1549.

*Judgment denying the motion to dismiss affirmed and cause remanded for further proceedings in accordance with the views expressed in this opinion.*