HENRY E. CHURCHILL *vs.* EDITH B. BIGELOW & another.

Hampden.    September 22, 1955. — November 7, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Jurisdiction,* Property of nonresident, Quasi in rem. *Real Property,* Of nonresident. *Equity Jurisdiction,* Specific performance, Trust, Quasi in rem, Property of nonresident. *Equity Pleading and Practice,* Bill, Decree.

After the death of the prospective seller under a contract for sale and purchase of Massachusetts land which passed by the seller's will to devisees resident in other States, a court of equity here, by the bringing of a suit by the prospective buyer against the devisees for specific performance of the contract and by substituted service duly made on the defendants in such suit in accordance with Rule 14 of the Superior Court (1932), acquired jurisdiction to enforce specific performance by a decree ordering a conveyance of the land to the plaintiff by an appointee of the court upon the plaintiff's payment for the defendants' benefit of the amount due from him under the contract. [198–199]

A decree in equity enforcing an "implied trust" which the court found to exist was not beyond the scope of a bill setting forth facts giving rise to equitable rights of the plaintiff supporting the decree, although not mentioning such a trust specifically. [200]

BILL IN EQUITY, filed in the Superior Court on December 19, 1952.

Pleas were overruled by *Forte,* J., and the suit was heard on the merits by *Lurie,* J.

*Frederick M. Kingsbury,* for the defendants.

*Thomas F. Moriarty,* (*G. Harold Madsen* with him,) for the plaintiff.

QUA, C.J.    This suit is now prosecuted against the defendants Edith B. Bigelow of Billings, Montana, and Frances B. Anderson of Daytona Beach, Florida, to obtain a conveyance to the plaintiff of certain lots of land in Springfield in

our county of Hampden by way of specific performance of an agreement or option under seal entered into between the plaintiff and one Mary B. Burt dated April 25, 1950, and registered and recorded on April 27.

Mary B. Burt died in 1951. The defendants are her daughters, and under her will duly allowed in the county of Hampden they took all her property. The bill was filed December 19, 1952. On October 26, 1953, an attachment was made by special precept of all the real estate of the defendants in the county of Hampden, and on October 29 an order of notice was issued for substituted service upon the defendants in accordance with Rule 14 of the Superior Court (1932), notifying the defendants that if they intended to defend they must appear on the first Monday of January next (1954) or within such time as the law allowed. The order, as required by the rule, set forth briefly the substance of the bill, showing that its purpose was to obtain a conveyance of the lots to the plaintiff. The return shows service by publication and by mailing by registered mail to the last known address of each defendant and a return receipt by each defendant. It is conceded that notice was given to each defendant in accordance with Rule 14. Thereafter the defendants filed pleas to the jurisdiction, which were overruled, and the defendants appealed. Neither defendant ever entered a general appearance in the suit, and each has continued to insist upon her plea to the jurisdiction.

Upon hearing the merits the trial judge found that the plaintiff complied with the terms of the option agreement of April 25, 1950, and developed the land for residential purposes as required by the agreement; that during Mrs. Burt's lifetime there was complete satisfaction with his compliance; that after her decease the defendant Bigelow became dissatisfied with the price provided for in the agreement, placed "obstacles" in the plaintiff's path, failed to sign deeds, and made contentions, all of which were without merit, seeking to defeat the plaintiff's option rights; and that the defendants are now endeavoring to secure for themselves the advantage of the increase in the value of the

land brought about by the plaintiff's efforts. He found that the land was "charged with an implied trust in favor of the plaintiff" and ordered that if the defendants did not within thirty days convey the lots described in the bill upon payment of the price stipulated in the option agreement a decree should be entered appointing a suitable person to convey the lots in the manner required to carry into effect the objects of the trust and to pay the proceeds into court for the benefit of the defendants.[1] The defendants "without waiving their pleas to the jurisdiction" appealed from the final decree.

We assume that under the practice in this Commonwealth the defendants could keep alive their objections to the jurisdiction once properly presented, while they proceeded in the case in accordance with the orders of the court. *Cheshire National Bank* v. *Jaynes,* 224 Mass. 14. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 379, 388. It is conceded that the defendants have waived no jurisdictional requirements.

The land in question lies in this Commonwealth and is subject to its jurisdiction. If the plaintiff has no remedy here he has no effective remedy anywhere. One suit in Montana and another in Florida would prove of no practical utility. The plaintiff is not required to pay half the price for a half interest. The next case to come before us might involve a half dozen States if a group of heirs should be widely scattered. The plaintiff is seeking to maintain his equitable interest in local land. If a statute is required to enable a court of equity to deal with such an equitable interest quasi in rem, such a statute is found in G. L. (Ter. Ed.), c. 203, § 18.[2] The decision in *Felch* v. *Hooper,* 119

---

[1] A final decree was later entered reciting that the defendants had failed to make the conveyance within the thirty days and appointing a special master to make it in their behalf for the stipulated price and to pay the proceeds, less his fee and expenses, into court for their benefit. — REPORTER.

[2] "If a person who is seized or possessed of real or personal property or of an interest therein upon a trust, express or implied, is a minor, insane, out of the commonwealth or not amenable to the process of any court therein having equity powers, and if in the opinion of the supreme judicial court, the superior court or the probate court a sale should be made of such property or of an in-

Mass. 52, fully sustains the jurisdiction here exercised. *Short* v. *Caldwell,* 155 Mass. 57, 58–59. *Arndt* v. *Griggs,* 134 U. S. 316. *Grannis* v. *Ordean,* 234 U. S. 385, 393–395. *Curry* v. *McCanless,* 307 U. S. 357, 363–364. Restatement: Conflict of Laws, § 101. See *Dooley* v. *Merrill,* 216 Mass. 500; *Legro* v. *Kelley,* 311 Mass. 674, 676. If some element of hardship to the plaintiff is required in addition to his mere contract right, which we do not imply (but see *Merrill* v. *Beckwith,* 163 Mass. 503, 504–505), the facts found supply that additional element. The defendants rely upon *Spurr* v. *Scoville,* 3 Cush. 578, which holds that equity cannot act quasi in rem. But there is little, if anything, left in that case, as applied to a situation like the present, in view of the statute to which reference has been made and of the subsequent decision in *Felch* v. *Hooper.*

The defendants argue that there must be some kind of seizure of the land at the beginning of the suit before a jurisdiction quasi in rem can be exercised over it. But this requirement of seizure must be more than mere useless formalism. In this instance the entire suit was directed to obtaining title to the land, and the defendants were fully notified of this by the papers mailed to and received by them under the order of the court in ample time to enable them to appear and be heard generally, if they had seen fit to do so. Constitutional requirements were fully met. It is not apparent what further seizure could have been made. A temporary injunction against nonresidents would have added nothing of value to what was done. We think no seizure was necessary beyond the bringing of the suit and timely notice of it. *Tyler* v. *Judges of the Court of Registration,* 175 Mass. 71, 77–80. *Rosenthal* v. *Maletz,* 322 Mass. 586, 595–596. *Gulda* v. *Second National Bank,* 323 Mass. 100, 105. Restatement: Conflict of Laws, § 106, comments c and e. See *Security Savings Bank* v. *California,*

---

terest therein, or a conveyance or transfer should be made thereof in order to carry into effect the objects of the trust, the court may order such sale, conveyance or transfer made and may appoint a suitable person in the place of such trustee to sell, convey or transfer the same in such manner as it may require."

263 U. S. 282, 287; *Propper* v. *Clark*, 337 U. S. 472, 486–489; *Mullane* v. *Central Hanover Bank & Trust Co.* 339 U. S. 306, 315–320. It is true that there was an attachment of the land by special precept, but we do not rely upon it, since its purpose could only be to secure money damages, and no money damages have been awarded. General Laws (Ter. Ed.) c. 227, § 1, has no application to this suit commenced by bill and subpoena. *Rosenthal* v. *Maletz*, 322 Mass. 586, 594–595.

The defendants further contend that the decree is beyond the scope of the bill because the bill does not mention "implied trust." The bill, however, does set forth the facts out of which the plaintiff's equitable rights in the land arose. This was enough.

*Decrees overruling pleas affirmed.*
*Final decree affirmed.*