# John S. Anderson v. Vermont Electric Power Co., Inc. et als

[164 A.2d 156]

May Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed September 6, 1960

*Bloomer & Bloomer* for the petitioner.

*John D. Carbine* and *Edwin W. Lawrence* for Vermont Electric Power Co., Inc.

**Barney, J.** Plaintiff has petitioned the Rutland County Court for a jury reassessment of compensation awarded by the Public Service Commission for land condemned pursuant to construction of transmission lines of defendant Vermont Electric Power Co., Inc. The statute governing such petitions, 30 V.S.A. §111(3), provides:

"(3) That the condemnation of such property or right is sought in order that the petitioner may render adequate service to the public in the conduct of such business, it shall adjudge the petitioner entitled to condemn such property or right, shall assess the compensation to be paid therefor, and shall determine the time and manner of such payment. Provided, however, if the petitioner or the person or persons owning or interested in such property or right are dissatisfied with the compensation assessed by the commission, either the petitioner or such person or persons, may within thirty days after the order of the commission is made, apply by petition in writing to the county court of the county within which such property or right, or any part thereof, is situated to have the amount of compensation reassessed and the time and manner of payment redetermined and either party may demand and have a trial by jury. Such petition shall be served and returned like a writ of summons."

Defendant corporation's motion to dismiss the petition was denied below, and the trial court certified the questions thereby raised to this Court for review before final judgment in accordance with 12 V.S.A. §2386.

A previous appeal in this case, affirming the order of the Public Service Commission, is reported in 121 Vt. 72, 147 A.2d 875, as *Vt. Electric Power Co., Inc.* v. *Anderson.* In that appeal, for purposes of review after final judgment, the present plaintiff filed his bill of exceptions in general form as provided in 12 V.S.A. §2433, thereby following the procedure prescribed for appealing a final judgment from county court to this Court, as contemplated by the statute. It is the position of the defendant corporation that that review finally disposed of all questions in the litigation and the affirmance made the judgment below conclusive of the rights of the parties. The defendant corporation also contends that if the provisions of 30 V.S.A. §111(3) do allow a party concluded by a final judgment to then reopen the damage aspects of the judgment, they amount to an unconstitutional denial of the judicial doctrine of res judicata or finality of judgments.

An examination of the state of the record in this case, including the previous appeal, reveals that we do not reach the question raised by the defendant corporation. The chairman of the Public Service Commission signed the bill of exceptions relating to the previous appeal on June 2, 1958. The plaintiff's petition for reassessment of damages had then been on file in the Rutland County Court since May 29, 1958, and was served on the chairman of the Public Service Commission on June 2, 1958.

▮▮ The petition for reassessment is not an original action but is, in effect, the transfer of the damage aspect of the matter into another tribunal for redetermination. When a party has performed all acts required by the statute to transfer jurisdiction of the matter to the county court, the appeal is perfected. *Appeal of Maurice,* 117 Vt. 264, 267, 90 A.2d 440. This is accomplished in this instance by the filing of the petition in the appropriate county court. The procedure followed by the plaintiff with respect to filing his petition has not been challenged in that regard.

The statute provides for service of the petition "like" a writ of summons. This petition is of the same general nature as a petition to county court for a new trial or an application to county court for review of actions of a zoning board of adjustment under 24 V.S.A. §3022. In such cases the summons is not necessary to confer on the county court jurisdiction of the cause, but only to give jurisdiction

over the particular defendants sought to be bound by the adjudication. *Appeal of Maurice, supra,* at 269. The legislature undoubtedly had in mind the statement of this Court in the Maurice case, at page 270, when it removed all doubt of the way in which notice of the transfer of the action was to be given to the parties, using the mandatory language "shall be served and returned like a writ of summons." Compare *Chapman* v. *Chapman,* 118 Vt. 120, 127, 100 A.2d 581.

The previous appeal in this cause was brought prior to the enactment of 12 V.S.A. §2382 and a bill of exceptions was the vehicle of the appeal. A bill of exceptions did not transfer the entire cause to this Court, but only so much of it stood for review here as was covered by the assignments of error of the excepting party. *Essex Storage Elec. Co.* v. *Victory Lumber Co.,* 93 Vt. 437,444, 108 A. 426. Manifestly, also, the bill of exceptions could not carry up matters of which the tribunal appealed from had already lost jurisdiction. The effect of the petition to the county court was to remove the matter of damages from the competence of the Public Service Commission. Thereafter there was no power in the chairman to certify the question of assessment of damages to this Court for review by bill of exceptions. Since that question was not brought here for review, no valid final disposition of the damage issue could have been made in this Court on that appeal. That being so, there is no final judgment disposing of the issue of damages to which the doctrine of res judicata can apply. The motion to dismiss was properly denied. No other issue is raised in this appeal.

*The order denying defendant Vermont Electric Power Company, Inc.'s motion to dismiss is affirmed, and the cause is remanded.*