# Albert G. Avery v. Emilie B. Bender, Katharine A. Feuerlicht et al

[ 204 A.2d 314 ]

April Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.

Opinion Filed June 24, 1964

Rehearing Denied October 22, 1964

*Bernard R. Dick* and *Ronald O. Dederick* (of the New York bar) for plaintiff.

*Edwin W. Lawrence* and *Robert W. Owens, Jr.* (of the New York bar) for the defendants.

*Bishop & Jeffords* for the administrator c.t.a.

**Barney, J.** Two questions are before us in this appeal:

1. Did the trial court, as a matter of law, err in granting the motion of defendant Arthur B. Crowley, Administrator c.t.a. of the Estate of Josephine Gray Avery, to dismiss the action as to him?

2. Did the trial court, as a matter of law, err in granting the motion to vacate service of process and dismiss proceedings as to Emilie B. Bender and Katharine A. Feuerlicht, individually and as successor trustees, under deed of trust dated September 12, 1921?

The defendants interposed these motions in connection with special appearances timely entered by defendants Bender and Feuerlicht. No pleadings in response to the plaintiff's petition have yet been filed. At the request of the plaintiff, the Chancellor certified these questions here before advancing the proceedings any further.

The litigation derives from claims centered upon a certain trust instrument that has brought the plaintiff Avery and the defendants Bender and Feuerlicht before this Court once before. *Avery* v. *Bender,* 119 Vt. 313, 126 A.2d 99. This case, like the previous one, was commenced as a declaratory judgment proceeding. The petition seeks, generally, for a determination of the interests and duties of the living trustees and beneficiaries of the trust, and an accounting, for purposes of distribution, by those in possession of trust property. Also joined is the administrator c.t.a. of the estate of a deceased

trustee, Josephine Gray Avery, one of the original settlors of the trust. Other than the administrator, all parties are non-residents.

According to the petition, at Josephine Avery's death, the corpus of the trust was all in Vermont, where it had been for more than twenty-two years. Briefly described, it consisted of eighteen acres of real estate with buildings on it, and personalty of an estimated worth of $6,000, located in Middletown Springs; some $158,000 worth of securities in a Rutland bank; and a savings account of about $1,000 in the same bank.

The petition further sets forth that defendants Bender and Feuerlicht contend that they, with the plaintiff, each became entitled to one-third of the trust property upon the termination of the trust with the death of Josephine Avery. The plaintiff's claim is that the defendant Bender has previously, by a formal instrument of release, relinquished her share, and that the trust res should therefore be divided equally between the plaintiff and defendant Feuerlicht. Assuming to act as a trustee charged with distribution of the trust assets, defendant Bender, after the death of Josephine Avery, in some manner obtained possession of some part of the trust assets in the Rutland Bank, removing them to New York. After this litigation was commenced and notice of it had been personally served in New York State on defendants Bender and Feuerlicht, defendant Bender caused the removal of the remaining trust assets in the Rutland bank. In response to a petition by the plaintiff the Chancellor then ordered the trust assets sequestered.

The plaintiff challenges on two grounds the ruling vacating the service of process on defendants Bender and Feuerlicht and dismissing the proceedings against them. This is the second question certified, but since it is the principal issue of the litigation, we will deal with it first.

Plaintiff first asserts that personal jurisdiction of these defendants was obtained by the service made in New York, in accordance with the provisions of 12 V.S.A. §§911-13. The significant portion of section 911 reads as follows:

When an action is commenced at law or in equity, or in probate court, an absent defendant, residing or being without the state so that process cannot be served on him, may be notified of the pendency of such action and given opportunity to make defense therein, by the delivery to him personally, at any place within or

without the state, of copies of the process and pleading and of an order for such delivery . . . .

· Section 912 is not at issue here, since it relates merely to the mode of service and the manner of proving service by way of return and affidavit. Section 913 reads:

Upon such notice so given to a party at least twenty-one days before the time when he is required to appear, the same proceedings may be had, so far as to affect the title or right to the possession of goods, chattels, rights, credits, land, tenements or hereditaments in the state, as if such process or pleading had been served on a party in the state before entry.

■ The plaintiff's claim of personal jurisdiction is generated by the argument of the defendants in support of the ruling below that the petition was demonstrably an action in personam because it sought to require the performance of particular acts on the part of the defendants. As a determinative test of what constitutes an in personam action, the defendants' argument overlooks a great deal, since the petition seeks actions on the part of the defendants based on a fiduciary relationship. Even the defendants claim to be acting in such a capacity. This capacity is not personal, but one where another can be substituted by a court in justifiable circumstances to insure the performance of trust provisions relating to trust property. Any personal liability derives from the fiduciary capacity, just as, for example, a receiver may so act as to create personal liability. But this does not convert the receivership into an action in personam. See *Perrine* v. *Pennroad Corp.,* 19 Del. Ch. 368, 380-81.

However, the plaintiff claims to have acquired in personam jurisdiction in any event. To reach this conclusion, he places 12 V.S.A. §§911-13, the statute prescribing the method for making service on defendants outside the state, in the same category as 12 V.S.A. §§853-4. These latter sections are so-called "long-arm" statutes. They specifically provide a way for a resident plaintiff to reach a foreign corporation whose acts in this state have given a plaintiff a right of action. *O'Brien* v. *Comstock Foods, Inc.,* 123 Vt. 461, 464, 194 A.2d 568; *Smyth* v. *Twin State Improvement Corp.,* 116 Vt. 569, 577, 80 A.2d 664, 25 A.L.R.2d 1193.

■ There is no doubt that due process permits the similar reaching of out-of-state individuals on an in personam basis, also, where applicable statutes permit and sufficient contacts with the forum jurisdiction exist. *International Shoe Co.* v. *Washington,* 326 U.S. 310, 316; *Doherty & Co.* v. *Goodman,* 294 U.S. 623, 628. It is the prerogative of the legislature to decide whether or not it will award this extended jurisdiction to its courts. In special cases, by particular statutes, our Legislature has done so. 12 V.S.A. §891 applies to motor vehicle cases; 12 V.S.A. §855 applies to resident plaintiffs' claims against foreign corporations; and 11 V.S.A. §1630 applies to claims against non-resident individuals doing business in the state. The plaintiff bases his claim of in personam jurisdiction on a reading of 12 V.S.A. §§911-13 as a legislative grant of this extended jurisdiction to apply generally to out-of-state defendants. We do not so read it. Such a construction ignores the specific limitation placed upon the application of these sections by the language in section 913 reading, "so far as to affect the title or right to the possession of goods, chattels, rights, credits, land, tenements or hereditaments in the state . . . ." This is an in rem limitation, inappropriate to a statute intended to reach in personam claims. In terms of this proposition, the plaintiff has not established in personam jurisdiction here.

■ As his second challenge, the plaintiff claims the dismissal was error because the action can be supported as one in rem. More particularly, it is the plaintiff's position that this is an action quasi in rem. The generally accepted definition of quasi in rem proceedings is that it affects only the interest of particular persons in specific property; thus distinguishing it from proceedings in rem which determine interests in specific property as against the whole world. See Restatement, Judgments §32, comment a (1942). The Restatement classifies quasi in rem actions into two types: Those that represent the assertion of an existing interest in the property involved; and those in which the property is involved only as a random asset to be applied against a personal claim against a defendant. See *Roller* v. *Holly,* 176 U.S. 398, 405-6. The petition in this case, by its language, seeks a determination of competing interests in trust property, a part of which consists of real property located in this state. This puts the litigation plainly in the class of quasi in rem proceedings in which the

property concerned is the pivot about which the competing interests circle. *Mullane* v. *Central Hanover B. & T. Co.,* 339 U.S. 306, 312-13.

With a part of the trust property being land in Vermont, as recounted in the petition, the presence of a Vermont interest in the administration of that part of the trust, at least, is inescapable. The Restatement, Conflict of Laws §243 (1934), expresses the universally accepted principle that, "The administration of a trust of land is governed by the law of the state where the land is," and such a trust can be supervised only by the courts of the state where the real estate is located. Chief Justice Qua of Massachusetts put it more succinctly in *Churchill* v. *Bigelow,* 333 Mass., 196, 198: "The land in question lies in this Commonwealth and is subject to this jurisdiction. If the plaintiff has no remedy here, he has no effective remedy anywhere." It should also be kept in mind that, until removal by the defendant Bender, all of the rest of the trust assets had been kept in Vermont for many years.

But the defendants argue that if this is a proceeding in rem, unless such proceedings are commenced with an assumption of control over the property involved, the notice is inadequate for due process and jurisdiction fails. If this is a jurisdictional requirement, it does not originate in our statutory law. 12 V.S.A. §§911-13, in governing service on defendants without the state for proceedings dealing with property or property rights in the state, do not express any jurisdictional prerequisite of attachment or sequestration.

The source of the requirement is elsewhere, and it is not an invariable requirement. The issue is one of due process, exemplified by *Pennoyer* v. *Neff,* 95 U.S. 714. In that case the distinction between the two kinds of quasi in rem actions is recognized. The Pennoyer case dealt with a purported personal judgment by a general creditor against a non-resident not served personally within the state. Land in the state belonging to the non-resident was taken in execution although, before judgment, no process had issued against that land. Failure to bring the land within the control of the court by seizure or some equivalent act before judgment made the action insupportable. This is clearly the type of quasi in rem action where the property dealt with is significant to the litigation only as a potential source of satisfaction for the claim against the defendant and must be brought within the control of the court at the outset to give the action an in rem

connection. The prohibition of the Pennoyer case can then be avoided. *Haddock* v. *Haddock,* 201 U.S. 562, 569.

That case is not this case. Here the property to be dealt with is at the very center of the controversy, and identified with the interests sought to be disposed of. *Pennoyer* v. *Neff, supra,* at page 727, distinguishing this kind of case on the basis that the nature of the action itself indicates that it is only directed toward the determination of interests in specific property. It is representative of the general rule that actions of this type do not have as a jurisdictional essential the bringing of the involved property under the control of the court, beyond the filing of the complaint itself. *Heidritter* v. *Elizabeth Oil-Cloth Co.,* 112 U.S. 294, 301-2; *Perrine* v. *Pennroad Corp., supra,* Del. Ch. 368, 378-80; *Churchill* v. *Bigelow, supra,* 333 Mass., 196, 199. See also note, 63 Harv. L. Rev. 657-61.

The distinction between the two classes of cases justifies different treatment. When a suit is brought to enforce the payment of money owed, and property is brought only into the litigation solely as a source of payment of the obligation, having no other relevance to the dispute, the defendant ought to know, when process is served on him, that the plaintiff intends to seek satisfaction out of that property for an unrelated claim. The bringing of such property under the control of the court for the satisfaction of a judgment might, as the defendants here point out, have considerable effect on a defendant's determination to defend. On the other hand, when the very issues raised by the litigation relate to the measure of the interests of various parties, including defendants, in a specific property, the statement of the claims made in the petition itself disclose the extent of the stake involved. Just so in a mortgage foreclosure are the parties apprised of the nature and scope of the action without preliminary attachment or sequestration.

Sufficient has been made to appear to demonstrate that the action should not have been dismissed against defendants Bender and Feuerlicht, as the action now stands. Without them in the case there was little justification for maintaining the action, and the dismissal of the action against the administrator c.t.a. followed as a matter of course. If the action is not dismissed, the interests of the administrator in complete and proper accounting for the assets of the Josephine Avery estate, and his duties of distribution indicate that, although his position may be ancillary, he should remain a party to this litigation. Cf. *In re Estate of Curtis,* 109 Vt. 44, 50-51, 192 Atl. 13.

So that there may be no misunderstanding, we again allude to the fact that we have before us only the two questions certified. Questions which may be of large concern in the development of the law suit, such as the effect of removal of trust property from the state, are, of necessity, not dealt with in the appeal. But see Restatement, Conflict of Laws §105 (1934). The fact that a portion of the trust res is Vermont real estate made the necessity of reversal clearer, but should not be taken as an adjudication that the jurisdiction of the lower court was confined only to that trust asset. The resolution of such questions must await their proper presentation here.

*The two questions certified to this Court are answered in the affirmative, the order on the motions to dismiss and vacate service of process on the defendants is reversed, and the cause is remanded.*

**Sylvester, J.,** dissents from this opinion on the grounds that on the face of the record no property owned by the defendants had been taken into the control of the court at the time that process was issued or at the time notice of pendency of the petition was delivered to the defendants Bender and Feuerlicht in New York.

## On Motion to Reargue

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.**

**Barney, J.** The defendant Feuerlicht moved for permission to reargue. Meanwhile, the plaintiff brought to the attention of this Court the death of the defendant Bender, which occurred after argument and shortly before the filing of the opinion. The plaintiff moved for revivor of the cause and the rendering of judgment nunc pro tunc, so that the intervening death of a defendant would not affect the conclusiveness of the adjudication. To insure notice, and to afford the executor of Bender's estate an opportunity to participate, if he chose, in the matters still before this Court, a show cause order was issued, and duly served on him outside the state.

It must be kept in mind, as was pointed out in the main opinion, that the jurisdiction of this Court in proceedings under 12 V.S.A. §2386 is limited to the questions certified, with authority to render final judgment if the answers to the questions dispose of the litigation. We cannot step outside the certification to consider new or different questions; we are constrained by the statute. Whatever

essentials of the litigation are not carried up to this Court by operation of the certification, must remain in the court of origin. See *Anderson v. Vermont Electric Power Co.,* 122 Vt. 43, 46, 164 A.2d 156.

This limitation has significant consequences in connection with questions sought to be raised in this Court now. In the first place, the show cause order here is limited in effect to the matters presently before this Court on this certification. It does not, in any way, introduce the Bender executor as a party to the main cause. That is a matter to be appropriately raised and disposed of in the lower court.

Likewise, with respect to the plaintiff's contention that the subsequent actions of the defendant Feuerlicht have converted her special appearance to a general one, this is a question not certified to us, and therefore beyond our present reach.

Again, since the result here is not in the nature of a judgment, but consists merely of responses to certified questions with the main cause remaining below, the doctrines of revivor and judgment nunc pro tunc are inapplicable. Substitution of parties is an issue to be raised before the court having supervision of the litigation. Other than the two questions certified here, this cause is still pending below, in contrast to the situation in *Noyes* v. *Pierce,* 97 Vt. 188, 196, 122 Atl. 896.

The motion for reargument advances no arguments not fully considered when the appeal was heard, and calls to our attention no material question overlooked or misapprehended in arriving at the result announced.

*The plaintiff's motions for revivor and for judgment nunc pro tunc are denied.*

*The defendant Feuerlicht's motion for reargument is denied; let full entry go down.*