## Albert G. Avery v. Walter G. Bender, Executor of the Estate of Emilie B. Bender et al.

[ 230 A.2d 786 ]

April Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 6, 1967

*Bernard R. Dick* for plaintiff.

*O'Neill, Delaney, and Valente,* with *Robert W. Owens, Jr.* of the New York bar of Counsel, for defendants.

**Barney, J.** As a consequence of an earlier appeal of certain certified questions, this litigation stands determined as an action in rem. *Avery* v. *Bender,* 124 Vt. 309, 204 A.2d 314. It was commenced four years ago. It still has not progressed to the point of having responsive pleadings filed in answer to the original petition for declaratory relief. Since the decision in this Court three years ago the death of one of the named defendants has so preoccupied the litigants that the matter is no nearer being at issue than it was in 1963. New questions have now been certified here.

Recounting the complete history of the litigation and the trust with which it is concerned is not necessary for the purposes of this interlocutory appeal. Such information can be found in *Avery* v. *Bender,* 119 Vt. 313, 126 A.2d 99, and *Avery* v. *Bender, supra,* 124 Vt. 309. Some background will be helpful to an understanding of the issues, however.

The court of chancery has been moved to assert jurisdiction over certain property representing assets of a trust. The principal parties are beneficiaries under the trust instrument, plus the administrator of the estate of the deceased life tenant. The plaintiff complains of a wrongful removal, or attempted removal, of trust assets from this jurisdiction. When one of defendant beneficiaries died while certified questions were before this Court, the plaintiff brought a petition for revivor. He sought to substitute for the deceased defendant, Emilie B. Bender, the executor of her estate, Walter G. Bender, a legatee under her will. He also wanted to add as parties Helen E. Allen and Margery L. Metz, the other legatees and devisees under the will.

The plaintiff incompletely achieved his objectives below. The chancellor allowed revivor against Walter G. Bender, as executor, on a limited basis, denied revivor against the legatees and devisees,

vacated service of process against Allen and Metz, and against Walter G. Bender individually, and declined to pass on the plaintiff's motion to amend. A motion to dismiss on the grounds of res judicata and estoppel by judgment, interposed by defendant beneficiary Feuerlicht, was heard by the chancellor. He made findings, and determining that the exhibits offerred in support of the motion were insufficient as evidence to determine the issues raised, refused to adjudicate them at this stage of the proceedings. He took the view that the issues of res judicata and estoppel by judgment were in fact affirmative defenses, and should not be disposed of until it was determined who were the parties actually in court. In one way or another, by certification by both sides, all these questions, or aspects of them, have been passed up to this Court. They circumscribe the proper ambit of our decision. *Avery* v. *Bender, supra,* 124 Vt. 309, 316.

Although some of the positions taken by parties in this litigation show an implicit concern with the possibility of jurisdiction in personam, the previous case settled that jurisdiction over the person was not accomplished by means of the process issued and served at the beginning of this action. *Avery* v. *Bender, supra,* 124 Vt. 309, 313. Such personal jurisdiction must be somehow acquired, it cannot be merely ordered. *Howe* v. *Lisbon Savings Bank,* 111 Vt. 201, 207-8, 14 A.2d 3. It can come about as a result of consent, or of seeking some kind of affirmative relief from the court. *Noyes* v. *Noyes,* 110 Vt. 511, 518, 9 A.2d 123. Otherwise, support for in personam actions and judgments must rest on jurisdiction acquired by summons and service meeting due process standards. 49 C.J.S. "Judgments," §24, p. 54-67.

But in rem actions of this kind do not depend on in personam jurisdiction. Their jurisdiction derives from the court's authority over the property concerned. *Avery* v. *Bender, supra,* 124 Vt. 309, 315; *In re Callahan Estate,* 115 Vt. 128, 135-6, 52 A.2d 880. The judgments bind parties who have adequate notice and opportunity to be heard with respect to the proceedings. *Wilder* v. *Wilder,* 93 Vt. 105, 109, 106 Atl. 562; *Woodruff* v. *Taylor,* 20 Vt. 65, 75-6. Since this is an action in rem, the process should, and will, be ordered to stand as such notice of the proceedings.

Appropriately, the notice of the petition for revivor, called for in 12 V.S.A. §4403, was personally served outside the state on the New York executor under our statute governing notice to out-of-state

defendants. 12 V.S.A. §§911-14. By the authority of 12 V.S.A. §913, this kind of service supports proceedings in rem in this state. See *Gates* v. *Gates,* 122 Vt. 371, 373, 173 A.2d 161. Perhaps it is superfluous to point out that a denial of the order to vacate service would no more have conferred, by itself, personal jurisdiction not otherwise acquired, than could the order of notice outside the state create, by itself, in personam jurisdiction.

The opposition to the petition for revivor is similarly based on jurisdictional concern. The substantive effect of such a petition, properly brought, is to preserve against the estate of a deceased defendant (or plaintiff) those rights and liabilities, involved in the original litigation, which are part of a surviving cause of action. 12 V.S.A. §§4401-11. But it is no exception to the rule that personal jurisdiction must be appropriately acquired, and cannot be created simply by the issuance of an order. But service by order of notice on the executor is sufficient, in an in rem action, to accomplish the purpose of notice to the estate of the pendency of the litigation. 1 Am. Jur. 2d "Abatement, Survival and Revival," §124, p. 138. With such purpose in mind, it should not, therefore, be limited to anything less than the issues advanced and jurisdiction claimed by the pleadings of the plaintiff, unless the plaintiff himself so limits it. The chancellor was not, at this time, called upon to determine the jurisdictional reach of the court over the property involved in the trust, so he ought not to have attempted to limit the extent of the notice afforded the executor to the real property in Vermont. In fact and in law, the process gave the executor notice of all the claims set out in the process served upon him, and such notice will stand.

The plaintiff is entitled to a hearing on his motion to amend his pleading. Again, the effectiveness of any amendment will be limited to those who are given legally sufficient notice and opportunity to be heard. This responsibility is the plaintiff's. Any party who has not entered an appearance, so as to be susceptible to notification by the clerk of the court, must be given notice of the proposed amendment in the same manner he was notified of the original petition, or an equivalent.

The chancellor's unwillingness to rule on the issues of res judicata and estoppel by judgment is questioned by the plaintiff. The chancellor correctly regarded the issues so raised as matters of

defense. 12 V.S.A. §1024; *Tung-Sol Lamp Works* v. *Monroe,* 113 Vt. 228, 230, 32 A.2d 120; *Nichols* v. *Lane,* 93 Vt. 87, 91. Although it would have been proper to treat so much of the motion as raised these issues as an answer, it was not inappropriate for the chancellor to allow the determination of this issue to wait upon the decision of defendant Feuerlicht (who raised it) as to whether she wished to preserve the issue by formally entering the litigation and filing a responsive pleading. See *Makela* v. *State,* 124 Vt. 407, 408-9, 205 A.2d 813. In this particular, we call to the attention of the parties the rules laid down in *O'Brien* v. *Comstock Foods,* 123 Vt. 461, 466-7, 194 A.2d 568, with respect to the filing of dilatory motions and answers.

■■■■■■ The legal resolution of many of the problems posed by this case must wait their framing through responsive pleadings, and others demand the exercise of a fact-finding process. The issues presently raised and the questions briefed, in some respects, are little better than requests for advisory adjudications on unripe issues, or even on anticipatory litigation. See *Powers* v. *State Hwy. Bd.,* 123 Vt. 1, 5, 178 A.2d 390. Dilatory time is running out for the parties. We have already affirmed jurisdiction in rem. This supports the litigation, and permits the court of chancery to move ahead and dispose of the property rights. It is for the parties, not the court, to determine what action the measure of their interest dictates. Bearing in mind that certification is discretionary, it seems clear that the forward motion of the litigation ought not to be disrupted by interlocutory appeals that merely seek advice and achieve only delay. Certification should be reserved for questions whose answers advance the course of the proceedings and dispose of obstacles, not merely postpone the confrontation of parties and issues. *In re Estate of Davis,* 125 Vt. 446, 448, 218 A.2d 390.

The questions certified on behalf of the plaintiff are answered as follows:

The service of the petition of revivor operates as notice to Walter G. Bender of the proceedings as to all property over which jurisdiction is sought to be asserted, and the order of limitation is set aside.

The service of the petition of revivor operates as notice of the proceedings to Walter G. Bender, Helen E. Allen and Margery L. Metz, as legatees and devisees of the estate of Emilie B. Bender, and the order of vacation is set aside.

The plaintiff's motion to amend should be brought on for hearing upon sufficient notice to all interested parties. The issues of res judicata and estoppel by judgment remain for disposition below.

Both of the questions certified by the defendant, inquiring as to whether it was error to grant revivor as to Walter G. Bender, executor, and to refuse to vacate service of process on said Bender, are answered in the negative, subject to the limitations expressed in the opinion.

*Cause remanded.*