**Dore B. McKENNIS**

v.

**Michael COLLINGWOOD.**

**Civ. A. No. 6445.**

United States District Court,
D. Vermont.

April 13, 1972.

David F. Buckley, Divoll & Buckley, Bellows Falls, Vt., for plaintiff.

Lawrence Miller, Miller & Hill, Rutland, Vt., for defendant.

Opinion and Interlocutory Order

HOLDEN, Chief Judge.

Plaintiff, who resides in Jamaica, Vermont, brought this action claiming damages of Fifty Thousand Dollars ($50,000) against defendant, a resident

of New York City. The complaint is founded in negligence and alleges her injuries resulted from a skiing accident on Stratton Mountain in Vermont on January 24, 1971. The plaintiff complains that the defendant negligently and recklessly skied out of control and collided with plaintiff, who was standing at the edge of the ski trail.

Process was served upon defendant in California where he was temporarily residing. The defendant's answer includes a motion to dismiss the complaint, combining a jurisdictional challenge with claims of improper service and venue.

His supporting memorandum of law is addressed entirely to this question. Did the defendant's negligent skiing in Vermont constitute sufficient activity and contact in this state to confer jurisdiction here over the defendant upon personal service outside Vermont, as provided in 12 V.S.A. § 913(b)?

There are no allegations that defendant engaged in any activity or had any contact with the State of Vermont other than the skiing accident which forms the basis of the complaint. And there is no claim that the out of state service on the defendant was defective.

Rule 4(e) of the Federal Rules of Civil Procedure provides that:

> Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons . . . upon a party not an inhabitant of or found within the state, . . . service may . . . be made under the circumstances and in the manner prescribed in the statute or rule.

Rule 4(e) of the Vermont Rules of Civil Procedure governing personal service outside the state provides:

> The following persons may be served with the summons and the complaint outside the state, in the same manner as if such service were made within the state, by any person authorized to serve civil process by the laws of the place of service or by a person specially appointed to serve it:
>
> (1) A person whose conduct or activity in the state or such contact or activity imputable to him is sufficient to support a personal judgment against him; . . . .

Rule 4(e) V.R.C.P. is based on prior Vermont practice and incorporates the language of the state's most recent "long arm" statute 12 V.S.A. § 913(b). See, Reporter's Notes accompanying V.R.C.P. 4(e).[1]

Section 913(b) provides:

> Upon [notice of proceedings against him], and if it appears that the contact with the state by the party or the activity in the state by the party or the contact or activity imputable to him is sufficient to support a personal judgment against him, the same proceedings may be had for a personal judgment against him as if the process or pleading had been served on him in the state.

Section 913(b) was added to the Vermont law by the legislature after the case of Avery v. Bender, 126 Vt. 342, 230 A.2d 786 (1967) and Avery v. Bender, 124 Vt. 309, 204 A.2d 314 (1964). *Avery* was an action by a trust beneficiary to recover assets claimed to have

---

1. Earlier Vermont statutes provide for the exercise of jurisdiction over a tort feasor in two instances. If a foreign corporation commits a tort in whole or part in Vermont, then 12 V.S.A. § 855 (1971) provides that the corporation shall be deemed to be doing business in Vermont. Thus the foreign corporation will be subject to suit in Vermont. See, O'Brien v. Comstock Foods, Inc., (1963), 123 Vt. 461, 464, 194 A.2d 568; Smyth v. Twin State Improvement Corp., (1951), 116 Vt. 569, 577, 80 A.2d 664. Section 891 of Title 12 V.S.A. confers upon the courts personal jurisdiction over a non-resident who may be involved in any accident or collision while operating, or causing to be operated, a motor vehicle within the state. See, Proulx v. Goulet, (1970 D.Vt.) 315 F. Supp. 622; Law's Admr. v. Culver, (1959), 121 Vt. 285, 155 A.2d 855.

been wrongfully removed from Vermont by other beneficiaries and the administrator of the settlor's estate. All parties except the administrator were nonresidents. The plaintiffs attempted to assert personal jurisdiction over two nonresident defendants on the basis of 12 V.S.A. § 913 (now 12 V.S.A. § 913(a) before the 1968 amendment which added subsection (b).[2]

The court in *Avery* rejected the plaintiff's contention that § 913, as then written, should be placed in the same category as the "long arm" statutes which provide a way to reach a foreign corporation whose acts in the state have given a plaintiff a right of action. Avery v. Bender, supra, 124 Vt. at 312, 204 A.2d at 316 (1964). The court went on to say:

There is no doubt that due process permits the similar reaching of out of state individuals on an in personam basis, also, where applicable statutes permit and sufficient contacts with the forum jurisdiction exist. International Shoe Co. v. Washington, etc., 326 U.S. 310, 316, 66 S.Ct. 154, 90 L. Ed. 95; Doherty & Co. v. Goodman, 294 U.S. 623, 628, 55 S.Ct. 553, 79 L. Ed. 1097. It is the prerogative of the legislature to decide whether or not it will award this extended jurisdiction to its courts.

In 1968, the General Assembly exercised the prerogative indicated in the decision to enact 12 V.S.A. § 913(b). The added section speaks in terms of "contact and activity" within the state by a non-resident—"sufficient to support a personal judgment against him" in keeping with the teaching of Justice Blackmer's opinion in Smyth v. Twin State Improvement Corp., supra, 116 Vt. 569, 574–577, 80 A.2d 664; and O'Brien v.

Comstock Foods, supra, 123 Vt. at 463, 194 A.2d 568, which followed. And we look for the legislative intent in the light of the statutes and judicial construction which preceded the new enactment. See, State of Vermont, ex rel. Billado v. Control Commissioners, 114 Vt. 350, 353, 45 A.2d 430.

In this background the purpose of the law makers in adding section 913(b) is clear. It was to cure the shortages pointed up in the *Avery* cases by extending the jurisdiction of the Vermont courts to individual non-resident defendants who have established contact by engaging in activity within the borders of the State which gives rise to the cause of action as in the *Smyth* case. It places individual non-residents who engage in activity or make contact here on equal footing with foreign corporate defendants.

In reaching this conclusion on a question not yet answered by the Vermont courts, we look to the sources which presumably would be consulted in resolving the jurisdictional issue. We turn first to the *Smyth* case.

The rationalities of the situation presented appeal to our minds as supporting the holding which we make. Common ideas of justice require that a foreign corporation be subject to suit in the courts of a state where it does a tortious act, when the state so elects, and when the suit is based on such act. Where the cause of action arises out of the act done, the court of the law is normally the forum of convenience for the settlement of the dispute. See, Hess v. Pawlowski, 274 U. S. 352, 356, 47 S.Ct. 632, 71 L.Ed. 1091, 1095 . . . . To require a resident to commence his action in a foreign jurisdiction on a tort commit-

2. 12 V.S.A. § 913(a) provides:
  Upon [notice of proceedings against him] at least twenty-one days before the time when he is required to appear, the same proceedings may be had, so far as to affect the title or

right to the possession of goods, chattels, rights, credits, land, tenements, or hereditaments in the state, as if such process or pleading had been served on a party in the state before entry.

ted where he lives, and to transport his witnesses to such other state may well make protection of his right prohibitive and in effect permit a foreign corporation to commit a tort away from its home with relative immunity from legal responsibility. Smyth v. Twin State Improvement Corp., supra, 116 Vt. at 574–576, 80 A.2d at 668.

The court in *Smyth* was dealing with a foreign corporation which engaged in tortious conduct here. But the same doctrine was applied to non-resident individual defendants by Justice Schaeffer in Nelson v. Miller, (1957) 11 Ill.2d 378, 143 N.E.2d 673, 676.

> The foundations of jurisdiction include the interest that a State has in providing redress in its own courts against persons who inflict injuries upon, or otherwise incur obligations to, those within the ambit of the State's legitimate protective policy. (Citing Smyth v. Twin State Improvement Corp.).

As with the Illinois statute, 12 V.S.A. § 913(b) and Rule 4 of V.R.C.P. reflect a conscious purpose to extend jurisdiction over individual defendants to the extent permitted by the due process clause within the limits defined in International Shoe Co. v. Washington, supra, (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95; McGee v. International Life Insurance Co., (1957), 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223.

The essential ingredient to long arm jurisdiction is "some act by which the defendant purposefully avails" himself of the privilege of participating in the state asserting jurisdiction. Hanson v. Denckla, (1958), 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, 1298. See also, Rosenblatt v. American Cyanamid Company, (1968), 86 S.Ct. 1, 15 L.Ed.2d 39, 44 (opinion of Goldberg, J.).

Vermont's antecedent long arm statute (12 V.S.A. §§ 851–857) is a practical and effective attempt to assert jurisdiction where the legitimate protective interest of Vermont residents is concerned. And it stays within "the constitutional side of the line that divides *McGee* and *Hanson*." Deveny v. Rheem Mfg. Co. (C.A. 2 1963), 319 F.2d 124, 127. 12 V.S.A. § 913(b) and Rule 4 of the Vermont Rules of Civil Procedure meet the same demands.

It is undisputed that personal service was made upon the defendant. The notice requirements of due process are also met. Venue is proper in Vermont since an action may be brought where all plaintiffs or all defendants reside. It is undisputed that the plaintiff resides in Vermont. Wright, Law of Federal Courts, p. 150 (2 Ed.).

Therefore it is ordered:

Defendant's motion to dismiss is denied.