### Hazel L. Driver v. Darryl G. Driver

[515 A.2d 1058]

No. 84-166

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 1, 1986

*Thomas D. Anderson*, Lamoille County Deputy State's Attorney, Hyde Park, for Plaintiff-Appellee.

*Rexford & Kilmartin*, Newport, for Defendant-Appellant.

**Per Curiam.** This is an appeal from an order directing respondent to pay $100 per week for the support of his minor child. The order was issued pursuant to a petition initiated under the Uniform Reciprocal Enforcement of Support Act (URESA) in Massachusetts, Mass. Gen. Laws Ann. ch. 273A, §§ 1-17 (West 1970), and granted under Vermont's support statute, 15 V.S.A. §§ 385-428 (RURESA). We reverse.

The petitioner and child resided in Massachusetts when the petitioner initiated action. The Massachusetts court certified the

petition and sent it to the responding court, the Lamoille District Court, in accordance with the Massachusetts statute. The Lamoille District Court then sent a copy of the petition together with a notification of the merits hearing to the respondent by registered mail. Respondent entered a notice of appearance and filed a motion to dismiss "for insufficiency of process and insufficiency of service of process." The motion was denied. A hearing was held on the merits, and the court ordered the respondent to pay $100 per week for the support of his minor child. This appeal followed.

█ █   Under RURESA, the court in the responding state is required to notify the state's attorney upon receipt of the petition. 15 V.S.A. § 406(a). The state's attorney is then obligated to "take all action necessary in accordance with the laws of this state to enable the court to obtain jurisdiction over the obligor . . . ." *Id.* § 406(b). This Court has noted that the Act is " 'to be construed liberally with reference to the object to be obtained, and every endeavor should be made by the courts to render them operable.' " *Bushway* v. *Riendeau,* 137 Vt. 455, 461, 407 A.2d 178, 181 (1979) (quoting *Lambrou* v. *Berna,* 154 Me. 352, 356, 147 A.2d 697, 700 (1959)). Nonetheless, "personal jurisdiction must be somehow acquired, it cannot be merely ordered." *Avery* v. *Bender,* 126 Vt. 342, 345, 230 A.2d 786, 788 (1967). The state's attorney was required to effect personal service in accordance with D.C.C.R. 4. Service by registered mail was defective and left the court without jurisdiction to hear the cause. *Smith* v. *Brattleboro Reformer, Inc.,* 147 Vt. 303, 305, 515 A.2d 1056, 1058 (1986).

The disposition of this issue makes it unnecessary to address respondent's other claims of error.

*Reversed and remanded.*